## W. D. WASHBURN *vs.* R. J. MENDENHALL and others.

### Feb. 25, 1875.

**Complaint for Conversion.**—The complaint in this case upheld as sufficient as a complaint in an action in the nature of trover, notwithstanding it prays for the relief appropriate in an action of claim and delivery; the plaintiff being entitled to any relief consistent with the case made by the complaint, and embraced within the issue, when defendants answer—such as will be the relief afforded, in this instance, by a simple money judgment upon the simple money verdict rendered in plaintiff's favor.

**Evidence—Transcript from Records of Land Office.**—A certain exhibit, set out at length in the opinion, *held* to have been properly received in evidence, under § 86, ch. 73, Gen. Stat.

The complaint alleges that during the logging season of 1872-3 one Soule unlawfully entered on certain described land of plaintiff, in Mille Lacs county, cut and carried away therefrom 300 pine logs, containing 82,000 feet, marked them with his own marks, and drove them with other logs of the same marks into the boom of the Mississippi and Rum River Boom Company, where they are so intermingled with such other logs that they cannot be distinguished therefrom; that Soule has transferred all such marks, and all the logs so marked, to defendant Mendenhall, who has contracted to sell them to the other defendants, who now actually possess such logs of plaintiff, and wrongfully detain from him the possession thereof; that plaintiff has demanded of the defendants and each of them possession of his said logs, which they have refused to deliver; and that said logs are of the value of $615. Judgment is demanded for the immediate possession of said logs, or the sum of $615, the value thereof, in case a delivery cannot be had, and for costs.

The answer puts in issue each allegation in the complaint.

At the trial in the court of common pleas for Hennepin county, before *A. H. Young*, J., the plaintiff had a verdict: a new trial was refused, and defendants appealed.

*Atwater & Babcock*, for appellants. 1. The complaint does not state facts sufficient to constitute a cause of action.

The action is replevin, to recover possession of pine logs; but the complaint shows that the logs sought to be recovered have become so mixed with others that they cannot be identified. The case in this respect is identical with *Ames* v. *Mississippi Boom Co.*, 8 Minn. 467, and the rule in that case is not changed by § 39, ch. 32, Gen. Stat.

2. The action of replevin is local, and should be brought in the county where the property is situated. There is no allegation that any part of the property is in Hennepin county. *Atkinson* v. *Holcomb*, 8 Cowen, 45; *Williams* v. *Welch*, 5 Wend. 290; 1 Chit. Pl. 161; Gould Pl. 118.

*Beebe & Shaw*, for respondent.

BERRY, J. Whether the complaint could be sustained as a complaint in an action of "claim and delivery," pure and simple, or—what comes to the same thing—whether the facts stated in the complaint would entitle the plaintiff, in an action of that kind, to recover possession of the logs in controversy, it is unnecessary to enquire. It is enough that the complaint is clearly sufficient as a complaint in an action, in the nature of trover, for the conversion of plaintiff's logs by defendants; and although the plaintiff's prayer for relief is "for the immediate possession of the logs, or the sum of six hundred and fifteen dollars, the value thereof, \* \* \* in case a delivery cannot be had," (the appropriate prayer in an action of claim and delivery,) this is not important, since, defendants having answered, plaintiff is entitled to "any relief consistent with the case made by the complaint and embraced within the issue," (Gen. Stat., ch. 66, § 246,) —such as will be the relief offered by the simple money judgment to be entered upon the simple money verdict rendered in this case in plaintiff's favor.

This disposes of all the points made by defendants, except that relating to the admission in evidence of a certain exhibit, against defendants' objection.

This exhibit is as follows:

## EXHIBIT A.

TOWNSHIP No. 38 N. RANGE No. 26 W. DISTRICT OF

| Description of the Tract. | | | | | Contents | | Rate per Acre. | | Purchase Money. | | Name of Purchaser. | Date of Sale. | Number of Receipt and Certificate of Purchase. | To Whom Patented | Date of Patent. | Where recorded. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Part of Section. | Section. | Township. | Range. | | Acres. | 100ths. | Dollars. | Cents. | Dollars. | Cents. | | | | | | Volume. | Page. |
| W. 1-2 of S. W. 1-4 | 29 | 38 | 26 | | 80 | ... | M. L. Wt. 1855. | | No. 16,855 | | Horatio Woodman | Feb. 15, 1856 | 464 | Horatio Woodman | July 10, 1857 | 81 | 482 |
| SW. 1-4 of NW. 1-4 | 29 | 38 | 26 | | 40 | ... | M. L. Wt. 1855. | | No. 24,388 | | Horatio Woodman | April 3, 1856 | 671 | Horatio Woodman | June 15, 1858 | 82 | 160 |

"LAND OFFICE, TAYLOR'S FALLS, MINNESOTA, } 
Sept. 5, 1873.

"I hereby certify that the foregoing is a true and correct abstract from the records of this office, and "showing the transfer from the United States to Horatio Woodman, of the title to the land therein "described.

J. P. OWENS,

Register."

The exhibit was introduced, as evidence of title, under § 86, ch. 73, Gen. Stat., which provides that "all plats of surveys of public lands, certified by the register of the land office of the district in which such land is situated, * * * and all certificates, by the register of such land office, of the surveys, or entry and location of, or other facts in relation to such lands, taken from the books of such land office, or from the certificate endorsed on the copy of the original plat on file therein, are *prima facie* evidence of the facts therein stated." We are of opinion that the exhibit was properly received in evidence. It assumes to state the "entry and location of," and other facts in relation to the lands designated, and though the certificate is very inartificial and informal, it is, in substance and effect, a certificate that the matters thus stated are truly and correctly abstracted or taken from the records or books of the office.

The exhibit perhaps contains some superfluous and unimportant matter ; but no injury could have resulted from the reception of this.

Order denying new trial affirmed.