## H. Morish vs. James H. Mountain.

### April 29, 1876.

Complaint for Conversion.—The case of *Washburn* v. *Mendenhall*, 21 Minn. 332, followed as to the point that a recovery may be had as in an action for conversion when the facts stated in the complaint are sufficient, notwithstanding the relief asked for is the possession of the property or its value.

Harmless Error.—An erroneous ruling resulting in no prejudice is not ground for a new trial.

Appeal by defendant from a judgment of the district court for Kandiyohi county, where the action was tried before *Vanderburgh*, J., and a jury.

*H. W. & C. L. Brown*, for appellant.

*B. F. Jenness* and *S. L. Pierce*, for respondent.

Cornell, J. The complaint in this action is one in form for the recovery of the possession of personal property. Where the facts stated in a complaint disclose a good cause of action for the wrongful conversion of personal property, it has been held by this court that the plaintiff may recover as in such an action, notwithstanding the relief asked for is one for the immediate possession of the property or its value. *Washburn* v. *Mendenhall*, 21 Minn. 332.

No point is made upon the insufficiency of the complaint in not specifically averring that the plaintiff was the owner of the property at the time of its delivery by him to the defendant, or when the demand for its return was made; and inasmuch as the cause was tried upon the theory that the plaintiff was such owner, and entitled to its return upon demand, and as the evidence of his ownership, introduced without objection, was full and not controverted, the sufficiency of the complaint in this regard need not be considered.

There is some evidence tending to show that defendant had the control and possession of the property at the time of the demand, and that he neglected and refused to deliver it or account for it to the plaintiff. This, in connection

with plaintiff's conceded ownership and right of possession, was sufficient upon which to submit the question of a wrongful conversion to the jury, and to support their finding and verdict.

Plaintiff's cause of action accrued at the time of demand and refusal, or of the conversion of which they were the evidence, and was not affected by the fact that defendant did not have possession or control of the property at the time of the commencement of the action. Hence the refusal of the court to charge as requested by defendant upon this point was not error.

Though the court may have erred in its construction of the complaint in stating that it contained sufficient to support a recovery in trespass or trover, it is manifest that defendant could not have been prejudiced by it, because the jury was plainly instructed that, upon the facts and evidence in the case, a recovery could only be had upon proof of the fact of a conversion.

Judgment affirmed.