## HIRAM C. HOWARD vs. ARA BARTON.

### July 7, 1881.

**Replevin—Recovery for Conversion.**—*Morish* v. *Mountain*, 22 Minn, 564, followed, as to the point that a recovery may be had, as in an action for conversion of personal property, when the facts stated in the complaint are sufficient, notwithstanding the relief asked for is the possession of the property or its value.

**Immaterial Testimony no Ground for New Trial.**—Certain testimony, more particularly referred to in the opinion, *held* to have been immaterial, and therefore to have been improperly received, but to have been harmless, and therefore to furnish no sufficient ground for a new trial.

Plaintiff leased certain property from one Cutts, and, for rent, was to deliver 1,000 bushels of wheat to the latter. Subsequently, plaintiff assigned this lease to one Donald McInnis, the latter agreeing to deliver to the former all the wheat raised on the premises, above the 1,000 bushels to be delivered to Cutts, to be applied to the payment of McInnis's indebtedness to plaintiff. As security for this agreement, McInnis gave plaintiff a chattel mortgage on all the crop on the leased premises, which was filed on May 14, 1879. On August 26, 1879, defendant, as sheriff of Rice county, levied upon and sold a portion of this crop under execution against McInnis. Plaintiff thereupon brought this action in the district court for Rice county, to recover possession of the portion of the crop so levied upon. Upon a trial before *Buckham*, J., and a jury, plaintiff had a verdict; a new trial was refused, and the defendant appealed.

*J. H. Case*, for appellant.

*Geo. N. Baxter*, for respondent.

BERRY, J. 1. The complaint in this action is, in form, and particularly as respects the prayer for relief, a complaint in an action of claim and delivery. But it states a cause of action, as in trover, for the conversion of personal property, and there was evidence having a reasonable tendency to establish such cause of action. Defendant having answered, it follows that a simple money verdict for damages might properly be rendered in favor of plaintiff, as in an

action for conversion, notwithstanding the form of the complaint and the prayer for relief. *Morish* v. *Mountain*, 22 Minn. 564.

2. By the terms of the lease from Cutts to plaintiff, the latter was to deliver to the former, "in lieu of rent,   *   *   *   1,000 bushels of wheat, of a good quality and grade, or the average wheat grown with good care on said premises during said term." This would not appear to bind plaintiff to deliver 1,000 bushels of the particular wheat raised on the leased premises, but only to deliver the quantity and quality specified, without reference to where it was raised. But the plaintiff assigned the lease to McInnis, who, executed a written instrument, under seal, containing an agreement on his part, as assignee, from which it distinctly appears that he bound himself to plaintiff to deliver to Cutts, in payment of the rent, 1,000 bushels of the identical wheat raised upon the leased premises. The wheat involved in this action having been raised by McInnis upon the leased premises, and having been taken on execution against McInnis, the important question was, what were the plaintiff's rights in respect to it?

The answer to the question depended upon the agreement between plaintiff and McInnis. This agreement is conclusive upon the plaintiff's right to have the identical wheat raised upon the leased premises, to the amount of 1,000 bushels, delivered to Cutts in payment of the rent. Testimony as to whether the plaintiff was bound by any understanding between him and Cutts, outside of the original lease, to deliver, as rent, the identical wheat raised upon the leased premises, to the amount of 1,000 bushels, has no bearing upon this question. It does not tend to answer it in one way or the other, and, as it could have no bearing upon any other material question in the case, it is immaterial; and it is not only immaterial, but it is harmless, because it could have no legitimate effect upon the minds of the jury in determining the question mentioned, since that was conclusively determined by the before-mentioned agreement of McInnis, as assignee, in writing. The reception of the plaintiff's testimony in regard to the agreement between himself and Cutts, to the effect that the 1,000 bushels of rent wheat was to be wheat raised upon the leased premises, though wrong because immaterial, furnishes, therefore, no suffi-

cient ground for a new trial. The testimony of the plaintiff, as to the agreement between him and McInnis, to the effect that the wheat raised upon the leased premises was to be the property of the plaintiff, and not of McInnis, does not appear to have been objected to.

3. With reference to the chattel mortgage, the plaintiff is undoubtedly right in his position that the chattel mortgage was competent and proper evidence at the time when it was introduced. It had not then appeared that there was any creditor of the mortgagor entitled to call it in question. There was at that time nothing to show that it was not good as between the parties, and, therefore, proper evidence of the plaintiff's right of possession of the wheat in controversy.

Order affirmed.