## CHAUNCEY HARDIN *vs.* A. S. PALMERLEE.

### December 9, 1881.

**Former Judgment in Replevin is a Bar to Trover for Same Cause of Action.**—The question is whether a former adjudication, in an action in the nature of replevin, is a bar to a subsequent (the present) action between the same parties to recover the value of the same property, on the ground of conversion. The same right of property in the plaintiff, and the same acts in respect thereto on the part of the defendant, constituted the causes of action relied upon in both cases. Upon the facts pleaded in the complaint in the former action, the plaintiff would have been entitled, under the rulings of this court in *Washburn* v. *Mendenhall,* 21 Minn. 332, and *Morish* v. *Mountain,* 22 Minn. 564, to recover, as for conversion, the value of the property, if his right of property (the same right relied upon in both actions) had been maintained, even though he could not have had a judgment for the recovery of the property, by reason of the fact that defendant had not the possession or control of it when the action was commenced. *Held,* that a judgment in former action in favor of the defendant constituted a bar to the subsequent action.

Appeal by plaintiff from an order of the district court for Dodge county, *Buckham,* J., presiding, refusing a new trial.

*C. H. Benton,* for appellant.

*Edgerton & Edgerton,* for respondent.

DICKINSON, J. This is an action in the nature of trover for conversion, to recover the value of certain personal property taken by the defendant from one Chapman, under a chattel mortgage from the

latter, and sold to satisfy the mortgage debt.   Plaintiff held a mortgage of prior date upon the same property, and executed by the same mortgagor—Chapman.   Upon the trial the jury returned a verdict for defendant, by direction of the court.   The plaintiff moved for a new trial, which being refused, this appeal was taken.   The issues embrace the conflicting claims of the parties to the property, growing out of the successive mortgages under which they hold respectively.   Prior to the commencement of this action, and after the alleged cause of action herein had accrued, this plaintiff commenced an action against this defendant, in the nature of replevin, to recover the mortgaged property in question.   Upon the trial of such former action, a verdict was returned for the defendant, upon which judgment for costs was entered in his favor against the plaintiff.   That judgment is pleaded in bar of this action.

The point first to be considered is as to the validity of the plea in bar.   The complaint in the former action alleged that the plaintiff was the owner and entitled to the possession of the property; that defendant wrongfully took the same from the possession of the plaintiff; alleges a demand and refusal to deliver possession of the property; alleges its value; and concludes with the usual demand of judgment for a return of the property, with damages for detention, or for its value in case a delivery could not be had.   By the answer, issue was joined as to the ownership and right of possession in plaintiff, and as to the property having been taken from his possession.   Defendant admitted his taking of the property from one Chapman, under a mortgage of the same, executed by the latter, and that he had sold it to satisfy the mortgage debt prior to the commencement of that action.   Plaintiff replied, admitting the mortgage from Chapman, but pleading, in avoidance of defendant's claim thereunder, a prior mortgage of the same property from Chapman, under which prior mortgage plaintiff claimed; and alleged that defendant, knowing plaintiff's alleged prior right in respect to the property, had wrongfully converted the same.

In this action at bar the issues are substantially the same as in the former, with the additional plea in bar, and the case before the court makes it apparent that the facts presented in the pleadings in

this action as the ground of recovery upon the one hand, and as the defence upon the other, are the same facts which constituted the issues in the former action. In both actions, the rights of the parties were acquired under mortgages of the same property, executed at different times by the owner, one Chapman, and the legal priority of such mortgages was the real question in issue, aside from such matters as, in the prior action, related to the right to maintain that particular form of action. In both actions, the right of recovery on the part of the plaintiff was evidently based upon the same acts of the defendant; that is, the taking and sale of the property under his mortgage. The adjudication in the former action constituted a bar to the present action, unless something peculiar to the case has caused a different result. The cause of action—the ground of the recovery sought—is the same in this action as in the former one, which proceeded to judgment. That the remedy sought, or the mere form of action, may be different, does not prevent the estoppel of the former adjudication. If, upon the facts in issue in the former action, the plaintiff was entitled in that action to a remedy such as the law awards as compensation or redress for the alleged wrong, or if, upon those facts, he was entitled to no remedy, an adjudication of his right to recover in that action bars his right to afterwards seek a different remedy, upon the same facts or cause of action.

. It is claimed, however, that the former action was decided, not upon the merits, and that it hence does not estop plaintiff from recovery here. The utmost that can be claimed from the case in behalf of the plaintiff, in this regard, is that, upon the trial of the former action, and after the plaintiff had rested his case, the court, upon motion of defendant, directed a verdict for the defendant, upon the ground that it appeared that defendant did not have possession of the property at the time the action was brought. For the purposes of this case, we may assume such to have been the fact, and that it so appeared at the former trial, and that defendant had a verdict for that reason. We will also assume, as a correct general proposition, that, to the maintenance of an action of replevin, it is necessary that the defendant be in possession or control of the property at the time of the commencement of the action. See *Bradley* v.

*Gamelle,* 7 Minn. 260, (331;) *Ames* v. *Mississippi Boom Co.,* 8 Minn. 417, (467.) Yet, even then, it must be held that the former judgment was a bar to this action. We will refer to decisions of this court, which, as we think, have already determined this question in the case at bar.

*Ames* v. *Mississippi Boom Co., supra,* was an action of replevin to recover a quantity of saw logs which had come into the possession of the defendant, and had been mingled with other logs not claimed by plaintiff, so that they could not be distinguished. It was held that plaintiff could not recover in the action of replevin, for the reason that the property sought to be recovered could not be identified or distinguished from other property with which it was mingled. We only cite this case for the purpose of giving effect to the case next to be cited. *Washburn* v. *Mendenhall,* 21 Minn. 332, was also an action in the nature of replevin for logs claimed by plaintiff to have been indistinguishably mingled with other logs. The plaintiff having recovered judgment, the defendant claimed, upon appeal to this court, that the action of replevin would not lie upon such facts, relying upon *Ames* v. *Mississippi Boom Co., supra,* to sustain that position. This court, however, sustained the plaintiff's right to recover in that action the value of the property, upon the ground that, whether or not a recovery as in replevin could be had upon the complaint, the complaint was sufficient as a complaint in an action in the nature of trover for conversion, and because, although the demand for judgment was such as was proper in replevin, yet, the defendant having answered in the action, the plaintiff was, by the terms of the statute, entitled to any relief consistent with the case made by the complaint, and embraced within the issue. This case was followed by *Morish* v. *Mountain,* 22 Minn. 564, in which it was held that, in an action in form for the recovery of personal property, a recovery might be had as in an action for conversion, if the complaint set forth a good cause of action of the latter character. To the same effect is the case of *Howard* v. *Barton, ante,* p. 116, which is also a decision of this court.

Following those decisions, we hold the judgment in the former action a bar in this. Granting that, by reason of defendant having sold and

parted with possession of the property before that action was brought, plaintiff could not recover as in replevin; still, in that case, as in those above cited, the complaint was sufficient to warrant a recovery, for conversion, of the value of the property, or of such part thereof as might properly measure his damage as mortgagee, assuming his right in the property to have been superior to that of defendant. If such recovery was improperly refused him in the court below, he should have prosecuted his remedy by appeal. Failing in that action to recover what, upon the facts pleaded, he was entitled to recover, (if his right of property was superior,) and final judgment having been rendered against him, he cannot now be heard, upon the same grounds, upon the same facts, to claim the very recovery which he might have had in that action.

It is not necessary to consider whether, if the facts had been so pleaded or the issue so made in the former action that no recovery could have been had by the plaintiff other than that specifically demanded,—the recovery of the property,—a verdict and judgment against him upon the ground of want of possession in the defendant would have operated as a bar to this action. It is our conclusion that this action was barred by the former adjudication, and a new trial should have been, as it was, denied. It is not important that the court below decided the motion for a new trial upon different grounds than those above indicated. Nor do we deem it necessary to review the question of the priority of the rights of the parties under their respective mortgages. Whatever opinions we might here express upon that subject could not affect the determination of this case.

Order affirmed.