NATIONAL CITIZENS BANK OF MANKATO v. GEORGE A. McKINLEY and Others.[1]

August 4, 1911.

Nos. 17,186—(239).

**Complaint sufficient.**

> A complaint in the form usual in replevin actions *held* sufficient as a complaint in conversion.

[1] Reported in 132 N. W. 290.

**Evidence of conversion — lien of plaintiff.**

> Evidence having been introduced tending to show that property conveyed by one of the defendants to the plaintiff as security had been sold and the proceeds converted to the defendants' use, the fact that the plaintiff's lien on the property, when acquired, was subject to a prior lien in favor of a third party, does not defeat the plaintiff's right to recover from the defendants for the conversion; it not having been made to appear that such third party still had and asserted his lien against the property or a right to the proceeds of the sale thereof.

Action in the district court for Blue Earth county against George A. McKinley, C. N. Sonnesyn and Brainerd Lumber & Mercantile Company to recover possession of certain property or $8,000, the value thereof. The case was tried before Snow, J., acting in place of the judge of the Sixth Judicial district, who directed a verdict in favor of defendants. From an order denying plaintiff's motion to set aside the verdict and for a new trial, it appealed. Reversed and new trial granted.

*A. R. Pfau, Jr.,* and *C. J. Laurisch,* for appellant.

*H. L. & J. W. Schmitt,* for respondents.

SIMPSON, J.

The complaint in this case is in the form usual in replevin actions. It contains allegations sufficient to show a right of recovery in conversion. The answer is a denial. At the conclusion of the trial the court directed the jury to return its verdict in favor of each and all of the defendants. The plaintiff appeals from an order of the trial court denying its alternative motions for judgment notwithstanding the verdict or for a new trial.

The material facts disclosed by the evidence upon the trial are, briefly stated, the following: The defendant McKinley was the owner of certain ties, pulp wood, logs, lath bolts, shingle bolts, and mill wood at or near the city of Brainerd, in this state. Being indebted to the plaintiff to the extent of several thousand dollars, he, on July 25, 1907, entered into a contract conveying this property to the plaintiff to secure such indebtedness. Prior thereto defendant McKinley had agreed with the Itasca Cedar & Tie Company to sell to it certain poles, ties, and pulp wood. Prior to making a contract

with plaintiff he had entered into contracts with one W. G. Hoerr, assigning to Hoerr the money to become due upon the contract with the Itasca Cedar & Tie Company, and providing for the advancement by Hoerr of money to be used in carrying on McKinley's logging operations for the year 1906–1907, and giving Hoerr a share in the proceeds thereof. Hoerr, claiming an interest under these contracts in the property conveyed by McKinley to the plaintiff as security, indorsed his consent to such conveyance thereon. About April 1, 1908, the defendant Brainerd Lumber & Mercantile Company was organized by McKinley, the defendant Sonnesyn, and others. McKinley and Sonnesyn were officers actively engaged in the business of the defendant company. The defendant company continued the business incident to McKinley's logging operations, and took possession of a large quantity of cedar logs, and manufactured them into shingles, shingle bolts, and mill wood. The deferdant company, through Sonnesyn, bought from McKinley a large number of these shingles, and sold the same to others, using the proceeds in the business of the company. The defendants all had notice of the right and claim of the plaintiff to these cedar logs and shingles, bolts, and wood made therefrom, as security. All indebtedness of the defendant McKinley to the plaintiff was past due, and default had occurred in payment thereof long before the organization of the defendant company and the disposal by it of the cedar logs.

1. The first question raised upon the appeal in this court is whether the complaint was sufficient to justify a recovery in conversion. As stated, while the complaint was in the usual form of a complaint in replevin, it contained the allegations essential to a complaint in conversion. It alleged that the plaintiff was the owner and entitled to the possession of the property, the wrongful taking thereof, a demand for its delivery to the plaintiff, and a refusal to deliver, and asks judgment for the stated value thereof. Washburn v. Mendenhall, 21 Minn. 332; Morish v. Mountain, 22 Minn. 564; Howard v. Barton, 28 Minn. 116, 9 N. W. 584. Under this complaint, if the evidence warranted it, the plaintiff could recover as for a conversion of the property.

2: A more serious question occurs as to whether the plaintiff, under the evidence, showed itself entitled to relief. Considering this question, the first matter involved is the construction of the contract between plaintiff and McKinley, conveying to the plaintiff the described personal property as security. The plaintiff contends that under this contract it acquired a first lien on all the materials described, except those sold to the Itasca Cedar & Tie Company; that is, that the lien given to Hoerr under his contract with McKinley, as recited in plaintiff's contract, only extended to the material included in the sale to the Itasca Cedar & Tie Company. We do not so construe the contract between the plaintiff and the defendant McKinley. The language in the contract, "all of said property and the proceeds of the sale thereof being pledged to W. G. Hoerr to secure the payment to him of the sum of $26,500, by agreement between said McKinley and said Hoerr dated on or about March 28, 1907," applies not only to the posts, ties, pulp wood, and pine logs included in the sale to the Itasca Cedar & Tie Company, but as well to the cedar logs, lath bolts, hardwood logs, shingle bolts, and mill wood included in the conveyance by McKinley to plaintiff.

It does not follow, however, that under the conveyance to the plaintiff so construed, it was not entitled to recover from the defendants under the evidence for a conversion of the property covered by the conveyance as a matter of law, so that the court was warranted in directing a verdict in favor of the defendants. Under the evidence it appears that none of the proceeds of the cedar poles were paid to Hoerr in recognition of his lien upon the property. It does not appear that the proceeds were expended in accordance with the terms either of the Hoerr contract or the plaintiff's contract. We do not understand that it is claimed that Hoerr is now asserting a claim to the proceeds of the sale of these logs.

The trial court, as shown by the memorandum filed, acted on the theory that before the plaintiff could recover it must make it appear that there was a surplus left after defrayment of the expenses and satisfaction of Hoerr's prior claim. Before this burden is cast upon the plaintiff, there must be proper allegations and some evidence tending to show that Hoerr has an existing claim against the par-

ticular items of property here involved, or the proceeds thereof, which he is asserting. Under the peculiar contracts introduced in evidence, the inference that Hoerr waived and abandoned all claim to this property and consented to and participated in its conversion may be drawn from the evidence equally well with the inference that he has an existing prior claim thereto.

The plaintiff, having charged a conversion of the property included in the conveyance to it, and having introduced evidence tending to show such conversion and the misappropriation of the proceeds of the sale of such property, showed an apparent right to recover the value of the property converted. If the defendants rely for a defense on the claim that the property was not in fact converted, but that the proceeds were properly applied according to the terms of the conveyance to the defrayment of expenses, or are still subject to and to be applied in payment of Hoerr's prior lien, such facts should be made to appear.

The order denying the plaintiff's motion for a new trial is reversed.