## A. A. BURKEE v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 2, 1916.

Nos. 19,704—(113).

**Carrier — shipment taken under writ of replevin — defense to action for conversion.**

Action for the alleged conversion by defendant of a consignment of goods shipped by plaintiff over defendant's railroad from a point in Minnesota to a point in Montana. After the goods arrived at destination they were seized under a writ of replevin issued in an action brought in Montana against plaintiff. Defendant promptly notified plaintiff of these proceedings. It is *held*:

(1) It is a good defense to this action if defendant proved that the legal process under which the property was seized was regular and valid upon its face.

(2) The process was not invalid on the ground that the seizure was an interference with interstate commerce.

(3) Replevin will lie, though the property sought to be recovered is not in the actual possession of the defendant, if it is under his control in the hands of another so that he may deliver possession of it if he so desires.

(4) The goods seized in this case, though in the actual possession of the carrier, were under the control of the defendant in the replevin action, so that he might have delivered possession to plaintiff had he so desired. The process was therefore valid on its face, and the carrier is protected.

Action in the district court for Roseau county to recover $196.78 for conversion of goods shipped by defendant carrier. The amended answer set up that while the goods were in the possession of defendant at Poplar, Montana, the same were seized and taken possession of by the proper officers in the state of Montana in proceedings had in the courts of that state against plaintiff, and that on account of said proceedings defendant was compelled under authority of law to deliver the possession of the goods to the proper law officers of that state, and alleged that if it had

[1]Reported in 158 N. W. 41.

not been for such legal proceedings the goods described in the complaint would have been delivered to plaintiff at their destination. The case was tried before Watts, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion for amended findings or a new trial was denied. From the order denying such motion, defendant appealed. Reversed.

*M. L. Countryman, A. L. Janes* and *E. O. Hagen,* for appellant.

*M. J. Hegland,* for respondent.

BUNN, J.

Plaintiff sued to recover damages for the alleged conversion by defendant of a consignment of goods shipped by him over the defendant's railroad from Greenbush, Minnesota, to Poplar, Montana. The trial was to the court without a jury, and the decision for plaintiff. Defendant appealed from an order denying a new trial.

The shipment was consigned to plaintiff, "notify Carl Person." It arrived at Poplar, but was not delivered to the consignee. Whether this constituted a conversion of the goods by defendant depends upon whether it is a defense that the goods were seized by a constable under a writ of replevin issued in an action brought in a Montana justice court by one Alice Sorenson against the plaintiff herein, and permitted by defendant to be taken from its possession and detained from plaintiff. It appeared from the evidence that Alice Sorenson was the owner of the goods, but that plaintiff was entitled to possession thereof under an oral agreement with the owner, by which the goods were held as security for money advanced by plaintiff to the owner. At the time of the shipment there was due plaintiff $196.78, and Alice Sorenson, who was the wife of Charles Sorenson, or "Person," was to be entitled to the goods shipped upon the payment by her of a draft in that sum, which was attached to the bill of lading and forwarded for collection to a bank at Poplar. The Sorensons seem to have objected to the amount of this draft, and, on the arrival of the goods at Poplar, the replevin action was brought by Mrs. Sorenson against plaintiff. A writ was issued, served by the constable, and the goods delivered to him by defendant.

It was a good defense to this action for conversion, if defendant proved that the property was seized under legal process regular and valid upon

its face, and that it notified the shipper promptly of the pendency of the proceedings. This notice was promptly given the shipper in the present case, in ample time to enable him to make a proper defense. The inquiry is then: Was it proved that the process under which these goods were seized was regular and valid upon its face? Thomas v. Northern Pac. Express Co. 73 Minn. 185, 75 N. W. 1120; Merz v. Chicago & N. W. Ry. Co. 86 Minn. 33, 90 N. W. 7.

The process was valid unless we can sustain either one of the two following contentions made by counsel for plaintiff: The seizure was an interference with interstate commerce. Replevin does not lie because the property sought to be recovered was not in the possession of the defendant in the action.

Plaintiff contends that the seizure of the goods was an interference with interstate commerce, and for that reason invalid. As we construe the case of Davis v. Cleveland .C. C. & St. L. Ry. Co. 217 U. S. 157, 30 Sup. Ct. 463, 54 L. ed. 708, 27 L.R.A.(N.S.) 823, 18 Ann. Cas. 907, it disposes of this contention adversely to plaintiff. The Davis case, it may be noted, is inconsistent with our holding in Connery v. Quincy, O. & K. C. R. Co. 92 Minn. 20, 99 N. W. 365, 64 L.R.A. 624, 104 Am. St. 659, 2 Ann. Cas. 347.

Was the process invalid because the defendant in the replevin action (plaintiff in this) was not in possession of the property sought to be recovered? This was the ground upon which the trial court held defendant liable. We will assume in deciding this question that the carrier is not protected if replevin was not a proper remedy.

It is undoubtedly the law that, to maintain replevin at common law, the property must be in the possession or under the control of the defendant in the action. But the possession need not be actual; a constructive possession is sufficient. Replevin will lie, although the property is not in the actual possession of the defendant, if it is under his control in the hands of another. Bradley v. Gamelle, 7 Minn. 260 (331); Ames v. Mississippi Boom Co. 8 Minn. 417 (467); Hardin v. Palmerlee, 28 Minn. 450, 10 N. W. 773; 34 Cyc. 1400, and cases cited. Note to Andrews v. Hoeslech, 18 L.R.A.(N.S.) 1265. It is held in numerous cases, cited in the note referred to, that, where defendant has such a control over the property that he may deliver the possession of it if he so desires, re-

plevin may be maintained against him though he has not actual manual possession. We think this is in accord with the rule of Bradley v. Gamelle, supra, and succeeding cases in this state, and logically correct.

It remains to consider whether the property in question, at the time the process was issued and the seizure made, was under the control of the defendant in the action, so that he might, had he so desired, have delivered possession to the plaintiff. Thes actual, manual possession was in the carrier. But the defendant in the replevin suit was the consignee as well as the consignor, and was, as between himself and the carrier, entitled to the immediate delivery of the goods either to himself or to any person on his order. It seems quite clear that, had he so desired, defendant in the replevin suit could have delivered possession of the goods to the plaintiff in that suit. He had sufficient control over the property for this purpose.

Our conclusion is that it was shown that the process under which the goods were seized was valid on its face, and that defendant, having given plaintiff prompt notice of the proceedings, is not liable in this action.

Order reversed and new trial granted.