# OSCAR A. JOHNSON v. MINNEAPOLIS BUSINESS COLLEGE.[1]

October 6, 1922.

No. 22,886.

Replevin—transfer of note obtained by fraud not a defense.

1. A party in possession of a promissory note obtained by fraud, cannot avoid an action of replevin by transferring the note to another, even though the transfer be made before the commencement of the action.

[1]Reported in 190 N. W. 60.

Charge to jury should clearly point out the material issues in the case.

2. Where in an action for fraud the sufficiency of proofs is somewhat doubtful, the issues should be clearly pointed out so as to enable the jury to pass intelligently on the material points in controversy.

Action in the district court for Waseca county to recover possession of a promissory note or for $300 in case delivery could not be had and $50 damages. The case was tried before Childress, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $300. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Carsten L. Jacobson* and *Charles A. Frantz*, for appellant.

*Moonan & Moonan*, for respondent.

QUINN, J.

Plaintiff was a farmer residing on a farm near New Richland, in Waseca county, with his wife, a son Carl O., aged 21, and a daughter Alice, aged 16. On November 17, 1920, the son entered into a written contract with the extension department of the Minneapolis Business College for a scholarship in commercial business by correspondence. Plaintiff signed the contract with his son, and in addition thereto executed his promissory note in payment for the scholarship for $285, payable in one year to the order of L. M. Lewis, with interest at 6 per cent per annum. Lewis was the principal of the extension department of the defendant. By his agent, A. C. Gale, he indorsed the note without recourse and discounted it at the First National Bank of New Richland within a few days after its date. In submitting the case to this court it was not contended but that the defendant became obligated by the acts of Lewis in the premises.

Lewis had employed Mr. and Mrs. A. C. Gale to go about through the state to solicit students and sell business courses and arrange

for classes in the different villages and cities. In the pursuit of their undertaking, Mr. and Mrs. Gale called at the plaintiff's home and induced plaintiff and his son to sign the contract under consideration. At the time it was talked and understood that both the son and daughter might take instruction under the one scholarship. Mrs. Gale so testified at the trial and also testified that the son and daughter were to alternate in sending in their work, but that the daughter's work was to be under the name of her brother, and in this way both would receive instruction under the one scholarship. The class arranged for at New Richland was begun in January and the daughter attended, received instruction and the supplies to be furnished, and thereafter sent her lessons to defendant for correction for something like three weeks in her own name, when she received notice from defendant that her name was not on the roll and that she should not send any more lessons. When the course began the son was ill with pneumonia and was thereby prevented from taking any lessons during the winter.

The form of this action is in claim and delivery, to recover possession of the promissory note referred to, or its value, the contention of the plaintiff being that it was procured by defendant through fraud and deceit, in that A. C. Gale falsely and fraudulently read the contract of November 17, which plaintiff signed, as though the daughter's name were mentioned therein as being entitled to the benefit of the scholarship referred to, and in this way he was decoyed into executing the note in question.

It is clear that defendant, through its representatives, was in possession of the note at the time of its indorsement and discount, at which time it was subject to replevin and such an action might be maintained, provided the proofs were such as to sustain plaintiff's claim of fraud. An action to recover personal property will not be defeated simply by the fact that before the commencement of the action, without notice to plaintiff, defendant transferred the property to another. McBrian v. Morrison, 55 Mich. 351, 21 N. W. 368; Gassner v. Marquardt, 76 Wis. 579, 45 N. W. 674; Andrews v. Hoeslech, 47 Wash. 220, 91 Pac. 772, 18 L. R. A. (N. S.) 1265, and note 125 Am. St. 896, 14 Ann. Cas. 1118; Standard Match Co. v.

Porter, 178 N. Y. Supp. 375; Helman v. Withers, 3 Ind. App. 532, 30 N. E. 5, 50 Am. St. 295; Nichols v. Michael, 23 N. Y. 264, 80 Am. Dec. 259.

The cases of Bradley v. Gamelle, 7 Minn. 260 (331) and Burkee v. Great Northern Ry. Co. 133 Minn. 200, 158 N. W. 41, cited by appellant, did not involve the element of fraud or wrongful disposition of property.

Under this view of the case the query arises whether the issues were submitted to the jury in such a clear and concise manner as to enable that body to catch the gist of the controversy and avoid an erroneous conclusion. We are forced to answer the proposition in the negative. While slight inconsistencies in a charge are usually harmless, yet, where the sufficiency of the proofs is somewhat doubtful, the issues should be clearly pointed out so as to enable the jury to pass intelligently on the material points in controversy. We feel that the charge of the court as given failed to so place the issues before the jury and for that reason the order refusing a new trial should be reversed, and it is so ordered.

Reversed.

HALLAM, J. (concurring in result.)

I concur in the result on the ground that the evidence fails to show fraud. Defendant concedes that Alice was entitled to instruction as sister of Carl and this is the only representation charged. The trouble seems to have arisen out of a misunderstanding on the part of defendant's instructors as to the fact that Alice Johnson, whose work was sent in for correction, was a member of this Johnson household. There may have been a breach of contract, but I can discover no fraud.