[No. 8799.   Department Two. — June 23, 1885.]

## ROBERT E. DOYLE, APPELLANT, v. SHERWOOD CALLAGHAN ET AL., RESPONDENTS.

CONVERSION — DEMAND — PLEADING — RELEASE — DECEIT — STATUTE OF LIMITA-
TIONS. — The complaint alleged that one C being the owner of certain stocks,
deposited them with the defendants for safe-keeping, and authorized them to
receive the dividends and pay the assessments thereon.  Afterwards he demanded
the stocks and the defendants refused to deliver them to him.  After that he
was induced by their false and fraudulent representations to execute and deliver
to them a release of all his claims and demands against them.  Subsequently he
assigned the stocks and all his claims and demands against the defendants grow-
ing out of the fraud to the plaintiff, who thereupon demanded of the defendants
the delivery of the stocks to him.  *Held*, that the refusal of the defendants to
deliver the stocks to C on his demand constituted a conversion, that the cause of
action stated in the complaint was founded upon such conversion, and not upon
the deceit of the defendants in procuring the release, and that the Statute of
Limitations commenced to run from the time of the conversion.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Flournoy, Mhoon & Flournoy, Wal. J. Tuska,* and *Thos. F. Barry,* for Appellant.

*Lloyd & Wood,* for Respondents.

SHARPSTEIN, J. — The allegations of the complaint are to the effect that one Casserly deposited certain stocks with the defendants for safe-keeping, and authorized them to receive the divi-dends and pay the assessments thereon.  Afterwards he duly demanded the stocks and the defendants refused to deliver them to him.  After that he was induced by their false and fraudu-

lent representations to execute and deliver to them a release in writing of all his claims and demands against them. Subsequently he assigned said stocks and all his claims and demands against the defendants "growing out of the said fraudulent deceit to the plaintiff," who thereafter demanded of the defendants the delivery of said stocks to him. They refused, " to his damage $500,000," for which sum he demands judgment against them.

The refusal of the defendant to deliver Casserly's stocks to him on his demand constituted a conversion of his property by them, for which he might at once have commenced an action. But no such action was commenced within the period prescribed by law for the commencement of actions of that character; and the complaint was demurred to on that ground among others. The demurrer was sustained, and whether properly or not is the only question which we have to consider. The appellant insists that it was not, for the reason that the action is brought to recover damages for the fraud and deceit practiced on Casserly, and the cause of action must be deemed not to have accrued until he discovered the facts constituting the fraud, which it is alleged he did not discover until within three years before the commencement of this action.

If this is an action for relief on the ground of fraud, as contradistinguished from an action of trover, the cause of action must be deemed to have accrued when Casserly first discovered the facts constituting the fraud and not before. (Code Civ. Proc. § 338.) But if the facts stated in the complaint constitute a case of wrongful conversion of personal property by the defendants, of which Casserly was advised more than three years before the commencement of this action, the demurrer was properly sustained. More than three years before the commencement of this action Casserly demanded of the defendants his stocks and they refused to deliver them to him. He then discovered that they had wrongfully converted his property to their own use. After that he released them from all claims and demands which he had against them. They had previously wrongfully converted his stocks to their own use and he knew it. Viewed in that light, the release if it related in any way to that transaction, released the defendants from any claim or demand which Casserly had against them for the wrongful conversion of his property, and

might be set up as a defense to an action based upon such con-version. .But if set up as a defense in such an action, it might be avoided by showing that it was obtained by fraud.   This action is not brought to have said release canceled.   And until it is interposed as a defense in some action brought by the plaint-iff against the defendants to recover Casserly's stocks or damages for the conversion of them, it cannot cause any damage to the plaintiff.  .It was not by or through the release that possession of the stocks was obtained, or that they were .wrongfully con-verted.   And the wrongful conversion of them constitutes the gravamen of the plaintiff's complaint as we construe it.

: It .therefore appearing by the complaint that the plaintiff's cause of action is barred by subdivision 3 of section 338 of the Code of Civil Procedure, we must hold that the demurrer was properly sustained and affirm the judgment.

· Judgment affirmed.

MYRICK, J., and THORNTON, J., concurred.