[L. A. No. 689.    Department Two.—October 5, 1900.]

ANNE R. FAULKNER, Respondent, v. FIRST NATIONAL BANK OF SANTA BARBARA, Appellant.

PLEDGOR AND PLEDGEE—BAILMENT OF PLEDGED NOTES—COLLATERAL SECURITY—UNAUTHORIZED DELIVERY TO PLEDGOR.—Notes pledged by the maker of another note to the payee, who indorsed the secured note to a bank, and deposited the pledged notes as collateral security, are subject to the rule declared in section 2996 of the Code of Civil Procedure, that "the pledge holder must enforce all the rights of the pledgee unless authorized by him to waive them." The bank, in such case, has no right, without the consent or authority of the original pledgee, to deliver the' pledged notes to the pledgor.

ID.—ACTION FOR POSSESSION OR VALUE OF NOTES—PRIOR SURRENDER—PLEADING—DEMAND AND REFUSAL—UNLAWFUL DETENTION.—An action may be maintained by the pledgee against the bank for the possession or value of the pledged notes, notwithstanding their surrender to the pledgor by the bank prior to the commencement of the action, where the complaint avers the facts in regard to the deposit of the pledged notes, and alleges a demand upon the bank and its refusal to deliver them, and that it unlawfully withholds and detains them to plaintiff's damage in the alleged value of the notes.

ID.—DETINUE—TROVER—POSSESSION AT COMMENCEMENT OF ACTION NOT ESSENTIAL.—Such complaint states facts sufficient to constitute a cause of action both in detinue and in trover, in each of which actions possession of the subject of the action at the time of its commencement is not essential to recovery.

ID.—ACTION TO RECOVER PERSONAL PROPERTY—CLAIM AND DELIVERY—AUXILIARY REMEDY—PLEADING AND PRACTICE.—Claim and delivery, under our code, is not properly a form of action, but an auxiliary remedy provided for in an action for the recovery of personal property. Where the auxiliary remedy is not invoked in

such an action, the provisions for claim and delivery have no application, and the action must be governed by the ordinary rules of pleading and practice.

ID.—FORM OF ACTION—PLEADING—FACTS APPROPRIATE TO COMMON-LAW ACTIONS—PRINCIPLES APPLICABLE.—Though there is but one form of action in this state, yet when the facts stated in a complaint are substantially those required to support a particular common-law action, the principles of pleading and practice which apply to such common-law action, are applicable to the facts pleaded.

ID.—BAILMENT—UNLAWFUL DETENTION—COMMON-LAW ACTION OF DETINUE —INSUFFICIENT DEFENSE—DISPOSITION OF BAILED PROPERTY—BREACH OF DUTY.—The action in this case being based upon a contract of bailment, in which the original taking was lawful, but the detention was unlawful, the wrong is one for which the common-law action of detinue is especially appropriate. In such action, it was no defense that the defendant had voluntarily disposed of the bailed property before the commencement of the action, in breach of his duty as bailee.

ID.—CESSATION OF POSSESSION BEFORE SUIT—BURDEN OF PROOF.—In an action of detinue, where the possession of the bailed property had ceased before the commencement of the action, the burden of proof is upon the defendant to show that it ceased by accident, death, or by some means beyond his control.

ID.—ALTERNATIVE JUDGMENT IN DETINUE—POSSESSION OR VALUE—JUDGMENT FOR VALUE ONLY.—The usual judgment in an action of detinue is in the alternative, that the plaintiff recover the possession of the property, or its value, in case delivery cannot be had; but where it appears that delivery cannot be had, the defendant is not prejudiced by a judgment for the value only, without any alternative.

ID.—FACTS SHOWING CONVERSION — DEMAND AND REFUSAL — TROVER — JUDGMENT FOR VALUE.—Under a complaint stating a demand before suit for the possession of property to which the plaintiff was entitled, and a continuous refusal of the defendant to deliver the property, a conversion is shown, which supports a recovery, in the common-law action of trover, of a judgment for the value of the property converted.

ID.—DETENTION OF PROPERTY—IMMATERIAL AVERMENT IN TROVER.—In an action of trover, where the complaint is sufficient to support a judgment for value, an averment of the unlawful detention of the property is immaterial, and cannot invalidate the judgment.

ID.—RELIEF EMBRACED IN ISSUE—DEFENDANT NOT PREJUDICED.—Under the code, the court, upon the trial of an action, may grant any relief consistent with the case made by the complaint, and embraced within the issue; and where the issue related to the right of the defendant to surrender the pledged notes to the pledgor, and upon that issue the defendant had scope fully to present his defense, he cannot be prejudiced by the averments

of the complaint, nor by the form of the judgment in favor
of the plaintiff for the value of the pledged notes unlawfully
surrendered.

APPEAL from a judgment of the Superior Court of Santa
Barbara County. W. S. Day, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

An action to recover the possession of personal property
cannot be maintained when the property is not in the posses-
sion of the defendant at the commencement of the action.
(Code Civ. Proc., secs. 509, 667; *Riciotto v. Clement*, 94 Cal.
105, 107, 108; *Hawkins v. Roberts*, 45 Cal. 38.) An averment
of demand and refusal is not an averment of a conversion,
but of matter of evidence only. (*Balch v. Jones*, 61 Cal. 234;
*Wood v. McDonald*, 66 Cal. 546; Webb's Pollock on Torts, ed.
1894, 436; Perry's Common Law Pleading, 92; 2 Greenleaf
on Evidence, 15th ed., sec. 649.) No conversion was proved,
there being no proof of immediate right of possession at time
of the alleged conversion. (2 Greenleaf on Evidence, 15th ed.,
sec. 638; *Middlesworth v. Sedgwick*, 10 Cal. 392; *Ormsby v. De
Borra* (Cal., March 4, 1898), 52 Pac. Rep. 499, 502.) The
transaction in question was a contract of bailment. (Civ. Code,
secs. 2986, 2987; *People v. Cohen*, 8 Cal. 42, 43; 3 Am. & Eng.
Ency. of Law, 2d ed., 733.) The bank was the agent of the
pledgee. (*Brewster v. Hartley*, 37 Cal. 15, 25, 26[1]; Jones on
Pledges, sec. 34.) The contract was subject to Beckman's re-
served option of withdrawal and substitution. (*Hawkins v.
Fourth Nat. Bank*, 150 Ind. 117; *Reid v. Wiessner & Sons
Brewing Co.*, 88 Md. 234.) A contract may be made between
the pledgor and pledge holder for the benefit of the pledgee.
(Civ. Code, sec. 1559.) No negligence of the bank is pleaded,
and none is involved. An action to recover the possession of
personal property cannot be joined with an action for con-
version, and the demurrer of the defendant on that ground
should have been sustained. (Code Civ. Proc., sec. 427, subds.
3, 7, sec. 430, subd. 5; *Kelly v. McKibben*, 54 Cal. 192, 195;

---

[1] 99 Am. Dec. 237.

*Riciotto v. Clement, supra.*) The demurrer for ambiguity as to the cause of action should have been sustained. (Code Civ. Proc., sec. 430, subd. 7; *Nevada County etc. Canal Co. v. Kidd,* 37 Cal. 282, 320; *Crow v. Hildreth,* 39 Cal. 618; *Jamison v. King,* 50 Cal. 132, 136.)

Richards & Carrier, for Respondent.

Detinue is proper action upon a contract of bailment, in case of an unlawful detention of the property. (*McLaughlin v. Piatti,* 27 Cal. 452, 465; *Garcia v. Gunn,* 119 Cal. 322.) A wrongful delivery by the bailee before commencement of the action is no defense in such action. (1 Chitty on Pleading, 6th Am. ed., 141; *Rucker v. Hamilton,* 3 Dana, 36, 45; *Haley v. Rowan,* 5 Yerg. 301[2]; *Woodruff v. Bentley,* 1 Hemp. 111; 30 Fed. Cas. 521; *Easley v. Easley,* 18 B. Mon. 86; *Timp v. Dockham,* 32 Wis. 146; *Nichols v. Michael,* 23 N. Y. 264[3]; *Burnley v. Lambert,* 1 Wash. (Va.) 308; *Kershaw v. Boykin,* 1 Brev. (S. C.) 301; *Lowry v. Houston,* 3 How. (Miss.) 394; *Lynch v. Thomas,* 3 Leigh. 694; *Hardy v. Moore,* 62 Iowa, 65; *Reave v. Palmer,* 5 Com. B., N. S., 91.) The complaint also states a cause of action in trover, which supports the judgment. (*Doyle v. Callaghan,* 67 Cal. 154; *Arzaga v. Villalba,* 85 Cal. 191; *Fuller Desk Co. v. McDade,* 113 Cal. 360; *Onderkirk v. Central Nat. Bank,* 119 N. Y. 263.) When the facts show that the possession of the property in kind cannot be restored, a judgment for the value of the property may be entered. (*Brown v. Johnson,* 45 Cal. 76; *De Thomas v. Witherby,* 61 Cal. 97; *Burke v. Koch,* 75 Cal. 356[4]; *Dennison v. Chapman,* 105 Cal. 447.)

McFARLAND, J.—The verdict and judgment were for plaintiff for the value of certain promissory notes averred to have been deposited by plaintiff with defendant as collateral security for a promissory note made to plaintiff by one Beckman and another person. Defendant appeals from the judgment and brings up the judgment-roll, which includes a bill of exceptions.

There are only two questions which need discussion, for we do not think that the minor points made in the briefs require

---

[2] 26 Am. Dec. 268.　　　　[4] 44 Am. Rep. 542.
[3] 80 Am. Dec. 259.

special notice. These two questions are substantially: 1. Does the evidence support the verdict? and 2. Could the kind of judgment that was entered be properly rendered on the complaint and evidence in the case at bar?

As to the main issue of fact, which involves the real merits of the case, there is no doubt that at the time the note of Beckman was given the respondent—which was done at appellant's banking house—the notes in question were actually deposited with the appellant as collateral security for the said Beckman note; a statement of this fact was at the time written by the cashier of the appellant on the margin of the Beckman note. It is contended, however, by appellant that it was understood by appellant and by Beckman and the respondent that Beckman was to have the right, at his own option and without the consent of respondent, to withdraw any or all of said notes and substitute other collateral; but this was denied by respondent. There was substantial evidence on both sides of this issue. It would subserve no useful purpose to present that evidence here. It is sufficient to say that it was clearly conflicting within the rule on that subject, and that there is no warrant for saying that there was no sufficient evidence to justify the verdict of the jury. Connected with this matter there is a good deal of discussion by counsel of the relative rights of pledgors, pledgees, and pledge holders, both at common law and under our code provisions on the subject, commencing with section 2993 of the Civil Code; but if Beckman was the pledgor, the respondent pledgee, and appellant the third person with whom the property was pledged—as the jury had the right to find—then the case presents no difficult questions of law touching the subject; it is covered by the rule declared in section 2996 of the Code of Civil Procedure, that "the pledge holder must enforce all the rights of the pledgee, unless authorized by him to waive them."

2. In the complaint the respondent, after the averment that she deposited the notes in question with the appellant, etc., avers that she demanded of appellant that it deliver the notes to her, and that the appellant refused, and ever since has refused, to deliver said notes or either of them to her, and that defendant "still unlawfully withholds and detains the same and

each of them to the damage of plaintiff in the sum of four thousand six hundred dollars." The prayer is for the recovery of the possession of the notes, "or for the sum of four thousand six hundred dollars, the value thereof." It was proved at the trial that at the time of the commencement of the action appellant did not have the possession of the notes, but before that time had delivered them to Beckman. Now it is contended by appellant that the judgment was erroneous, because what appellant calls "an action of claim and delivery" cannot be maintained where the defendant is not in possession of the property sued for at the time of the commencement of the action.

Courts and law-writers have sometimes inadvertently spoken of the code "action of claim and delivery" as if there were really here a form of action called by that name—just as there were forms of action at common law, such as "debt," "covenant," "replevin," "trover," etc. But we have here no forms of civil actions. We have only one form of action, which has no name; so that an action cannot be here defeated, as it could have been at common law, because not properly named. Sections 509 to 520 of the Code of Civil Procedure are preceded by the heading "claim and delivery of personal property," but the sections themselves show the meaning of this heading. They merely provide an auxiliary remedy by which, when a party brings an action to recover personal property, he may "claim" that the property be immediately delivered to him at the commencement of the action and without waiting the trial. The first section (section 509) provides that "the plaintiff in an action to recover the possession of personal property may, at the time of the issuing of the summons, or at any time before answer, claim the delivery of such property to him, as provided in this chapter." All the other sections above referred to are merely concerned with the methods—as by affidavit, bond, etc.—by which the plaintiff may immediately take possession of the property. It is also provided how the defendant may retake the property. These sections merely give to a plaintiff suing to recover personal property an auxiliary remedy very similar to the auxiliary remedy of attachment given to a plaintiff suing upon a contract for the direct payment of money, and to the auxiliary

remedy under the head of "arrest and bail" and "injunction during litigation." But it is no more proper to speak of an action "of claim and delivery," than to speak of an action "of attachment." When a plaintiff in an action in which he seeks to recover personal property avails himself of the sections immediately following section 509, and takes immediate possession of the property at the commencement of the action, then certain relations and rights arise between him and the defendant which grow out of the exercise of the auxiliary remedy; and nearly all the decisions cited by counsel were in cases where the auxiliary remedy had been invoked. In such cases where the defendant has possession or control of the property he may, in some instances, be entitled to a judgment in the alternative so that he may satisfy it either by paying the value or returning the property itself. But in an ordinary action—like the one at bar —to recover personal property or its value, where the auxiliary remedy for taking possession at the commencement of the action is not invoked, it is clear that the provisions of the code above noticed have no application. The case at bar, therefore, must be governed by the general rules of pleading and practice.

The cause of action in the case at bar is based on a contract of bailment; the original taking was not unlawful, but the detention was. Now that is just the kind of wrong for which at common law the action of detinue was especially appropriate, and the averments in the complaint in the case at bar are substantially those required in such action. (3 Blackstone's Commentaries, 151; the form of declaration on page 38 of Stephen on Pleadings, 9th Am. ed., by Hurd; *Rucker v. Hamilton,* 3 Dana, 36.) While we have no forms of action here, yet when the averments of facts in a complaint show the case to be one for which a particular form of action would have been a proper one at common law, then the general principles of pleading and practice apply to it which apply to the special form of common law action. Now, it was no defense to the action of detinue to plead that the defendant, before the commencement of the action, had wrongfully disposed of the property, and, therefore, was not in possession of it. (1 Chitty on Pleading, 6th Am. ed., 138, and cases cited; *Rucker v. Hamilton, supra; Haley v.*

*Rowan,* 5 Yerg. 301; *Woodruff v. Bentley,* Hemp. 111; *Lowry v. Houston,* 3 How. (Miss.) 394; *Reeve v. Palmer,* 5 Com. B., N. S., 84.) In 1 Chitty on Pleading, 138, it is said, speaking of detinue: "Nor does it lie against the bailee if, before demand, he lose them by accident, though if he wrongfully deliver the goods to another he will continue liable." In *Rucker v. Hamilton, supra,* it is said: "As the object of detinue against a bailee is to recover the specific thing bailed, and enforce a specific execution of the contract of bailment, the fact that the bailee had wrongfully parted with the possession before the impetration of the writ should not, *per se,* defeat the action. Neither justice nor analogy would suffer such an invasion of law and frustration of contract. . . . . The wrongful delivery by a bailee is any delivery to another in violation of his contract, or in consequence of which he cannot make specific restitution to the bailor. He is, of course, liable if he authorize or permit another to possess and detain the thing bailed." In *Lowry v. Houston, supra,* it is said: "In relation to the second objection it may be remarked that the rule is that, though possession by the defendant must be proved, yet it is not necessary that it shall be continued up to the time of the commencement of the suit, and the plaintiff will be entitled to recover unless the defendant has been lawfully dispossessed." In *Woodruff v. Bentley, supra,* the court say: "It is certainly a well-settled principle that detinue lies against a person who has quitted the possession of the property prior to the institution of a suit. . . . . This doctrine, as was justly remarked by the counsel for the appellant, is founded in the best policy. Were it otherwise, a door would be opened placing it in the power of corrupt individuals, by combining, to practice incalculable frauds and impositions upon society. Besides, it would greatly impair the beneficial relations growing out of contracts for hiring or any other species of bailment." In *Haley v. Rowan, supra,* the court say: "The question arising is, whether the action of detinue will lie when a defendant had parted with the possession before demand and suit brought. The court charged in the affirmative of the proposition. On examination of authorities we are of opinion that the charge was right." (Quoting authorities.) The same principle obtains in England; in *Reeve v.*

*Palmer, supra,* Cockburn, C. J., says: "It has been held from a very early time that where a chattel has been bailed to a person it does not lie in his mouth to set up his own wrongful act in answer to an action of detinue, though the chattel has ceased to be in his possession at the time of the demand." Williams, J., says: "I am of the same opinion. All the authorities, from the most ancient times, show that it is no answer to an action of detinue, when a demand is made for the redelivery of the chattel, to say that the defendant is unable to comply with the demand by reason of his own breach of duty." And in the American notes to this case it is said: "In general, and according to the current of the American authorities, possession being once established in the defendant it is not necessary that it always be shown to exist at the date of the writ. The burden of proof in such cases is on the defendant to show that the possession has ceased before suit brought, by accident, death, or by some means beyond his control." (Citing many authorities.) The principles declared in the foregoing authorities are eminently just, and are founded on the maxim that no one can take advantage of his own wrong; and they are as applicable now to an action based on a contract of bailment as they were to such an action when it had to be brought under the special form of detinue. The usual judgment in such action is in the alternative—that is, that the plaintiff recover possession of the property, or its value in case delivery cannot be had; but where it appears that the property cannot be delivered the defendant is in no way prejudiced by a judgment for the value only; and the fact that the judgment is not in the alternative is no ground for reversal. This has been expressly held by this court in *Brown v. Johnson,* 45 Cal. 76, *De Thomas v. Witherby,* 61 Cal. 92,[5] and *Burke v. Koch,* 75 Cal. 356. *Riciotto v. Clement,* 94 Cal. 105, cited by appellant, was the ordinary case of a wrongful taking by a constable, and most of the other cases relied on were cases where the original taking was tortious; in those cases there was no discussion or consideration of a case like the one at bar, where the cause of action is founded on the contract of bailment, and to which the same principles

[5] 44 Am. Rep. 542.

will apply as were applicable to the action of detinue. Those cases are, therefore, not determinative of the case at bar.

There is another feature of the case, however, which disposes of this technical point adversely to appellant. The averments in the complaint of the demand by respondent of the appellant that it deliver to her the property, and appellant's refusal to do so, are sufficient averments of conversion; and the action may therefore be considered in the nature of trover, and thus considered there can be no objection to the form of the judgment. "If defendant took plaintiff's property, and refused to return it on demand, there is a conversion, and the allegation of these facts sufficiently shows a conversion" (*Arzaga v. Villalba,* 85 Cal. 191); and the fact that it is alleged that appellant "unlawfully withholds and detains" the property does not invalidate the judgment. In *Hutchings v. Castle,* 48 Cal. 153, the court—we quote from the syllabus—say: "If, in an action of trover, the complaint, in addition to alleging a taking and carrying away the goods, avers a detention of the same, and it appears on the trial that the defendant had sold the goods before the suit was brought, and the plaintiff recovers judgment only for the value of the goods, the defendant is not injured by the allegation of the detention." (See, also, *Fuller Desk Co. v. McDade,* 113 Cal. 360; *Doyle v. Callagan,* 67 Cal. 154.) Therefore, under either view of the case, the judgment is proper. The case is very similar to that of *Dennison v. Chapman,* 105 Cal. 447, where it was said that "the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue." The real question in the case is whether the appellant had the right to surrender the notes to Beckman; and upon that issue the appellant had scope to fully present his defense, and it is entirely clear that he was not prejudiced in any way by the averments of the complaint or the form of the judgment.

3. As to the minor points in the case it is sufficient to say that we see no ground for a reversal of the judgment in the admission of evidence to show the state of Beckman's account with the appellant, or in the plea of the statute of limitations, or in the allowance of the amendment to the complaint complained of, or in the instructions to the jury given at the request of re-

spondent, or to the modification of the instruction given at the request of appellant.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.