[Civ. No. 1548.   First Appellate District.—September 22, 1915.]

## GOTTFRIED BENZLER, Respondent, v. E. J. VAN FLEET, Appellant.

CLAIM AND DELIVERY—FORM OF ACTION—AUXILIARY REMEDY.—The term, "claim and delivery," as used in the Code of Civil Procedure, does not refer to a form of action, but merely to an auxiliary remedy; and in this state there is but one form of action, which has no name, so that an action cannot be defeated here as it could at common law because not properly named.

ID.—ACTION TO RECOVER COWS—LOSS BY BAILEE—WHEN ACTION MAINTAINABLE.—An action to recover possession of cows delivered by plaintiff to defendant to be pastured for hire, or to recover their value in case their return cannot be had, cannot be defeated on the ground that plaintiff knew before he commenced his action that the cows had either died or strayed away from defendant's pasture or had been lost, and that he should have brought an action for conversion or damages for the negligent keeping of the cattle, and, therefore, could not maintain an action in claim and delivery.

ID.—SUFFICIENCY OF EVIDENCE—FORM OF JUDGMENT.—In this action it is held that the evidence was sufficient to warrant the court in rendering its judgment in the usual form for the possession of the property or its value.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Frank Kauke, for Appellant.

Ernest Klette, and Klette & Thomson, for Respondent.

RICHARDS, J.—This is an appeal from a judgment and order denying a new trial in an action brought to recover the possession of seven head of cows, delivered by the plaintiff to the defendant to be pastured for hire, or to recover their value in case their return could not be had.

The chief defense to the action was that the cows had died or strayed away and been lost during the period of their bailment through no fault of the defendant. The trial court rendered judgment in favor of the plaintiff in accordance with

the prayer of his complaint, fixing the value of the cattle at the sum of two hundred and forty dollars.

The principal point urged upon this appeal is that the action being in form an action for claim and delivery, and the evidence showing that the plaintiff knew before he commenced this action that the cows had either died or strayed away from the defendant's pasture and been lost, he should have brought an action for conversion or for damages for the negligent keeping of his cattle, but could not maintain an action of claim and delivery, and hence that the judgment herein should be reversed.

We are unable to agree with the appellant's contention as to either the law or the facts of the case, or to perceive the distinction he seeks to draw between *Faulkner* v. *First National Bank,* 130 Cal. 258, [62 Pac. 463], and the case at bar. Both were actions to recover personal property or its value from bailees, and the contention in each case was the same, viz., that the bailee having parted with the possession of the property prior to the inception of the action, a suit in the form of claim and delivery could not be maintained. But in the Faulkner case the supreme court points out clearly that the term ''claim and delivery'' as used in the Code of Civil Procedure, does not refer to a form of action but merely to an auxiliary remedy; and that in this state there is but one form of action, ''which has no name, so that an action cannot be defeated here as it could be at common law because not properly named.'' In the later case of *New Liverpool Salt Co.* v. *Western etc. Co.,* 151 Cal. 479, [91 Pac. 152], the supreme court expressed the same view, citing approvingly the Faulkner case. The distinction sought to be made by the appellant between these cases and the case at bar arises out of his contention that in the instant case the plaintiff is shown by the evidence to have known before he brought the action that a redelivery of the possession of his property was impossible because of its loss by the bailee. But this distinction, even if it existed, would not create a difference which would alter the rule of law. There is a clear line of demarcation between the cases cited by appellant and the foregoing cases as applicable to the case at bar, and which was pointed out in the Faulkner case. In point of fact, however, the distinction which appellant contends for is not shown by the evidence in the case to exist. The only basis for the appellant's

claim that the plaintiff knew his cattle were no longer in existence or in defendant's possession, is to be drawn from a letter written to the latter by the attorneys for plaintiff, wherein this sentence appears: "Through your negligence seven head of cattle have been lost to Mr. Benzler." But this letter is to be construed in the light of the evidence of the plaintiff himself, which shows that he was unable to get from the defendant any satisfactory statement or showing as to what had become of his cattle prior to the inception of his action. From this state of the evidence we think the court was entirely justified in rendering its judgment in the usual form for the possession of the property or its value.

The other contentions of the appellant are without substantial merit.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.