### BERIO v. GAY et al.

(Circuit Court of Appeals, First Circuit. April 20, 1921.)

No. 1371.

1. **Trover and conversion** ⊂═⊐14—**Porto Rico Code held to give right of action.**
 Civ. Code Porto Rico, § 1803, providing that a person who by an act or omission causes damage to another by his fault or negligence shall be obliged to repair the damage, gives a right of action for damages against one unlawfully converting another's property, as complete as the common-law action of trover.

⊂═⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Replevin ⊙—10—Porto Rico statutes held to give right of action only against party in possession.**

Civ. Code Porto Rico, § 354, providing that the owner holds a right of action against the holder and possessor of a thing, and section 466, providing that any person who has lost any movable, or has been illegally deprived thereof, may recover it from the person in possession, give a right of action only against one in possession of the property sought to be recovered.

3. **Replevin ⊙—10—Under Porto Rico statutes, plaintiff cannot recover value, unless defendant had possession when action was commenced.**

Under Civ. Code Porto Rico, §§ 354, 466, giving a right of action for the possession of movables, Code Civ. Proc. § 170, providing that plaintiff at the time of issuing the summons may claim delivery, and section 230, providing that judgment may be for the possession, or the value in case delivery cannot be had, and damages for detention, one suing for the delivery of goods or their value was not entitled to recover the value of the goods, unless they were in defendant's possession when the action was commenced and thereafter wrongfully parted with.

4. **Statutes ⊙—222—In construing Porto Rico statutes, analogies to be sought in Spanish law and not in common law.**

In construing statutes of Porto Rico, analogies are to be sought in the law of Spain and in the civil law, and not in the common law.

5. **Appeal and error ⊙—1047(4)—Trial ⊙—67—Refusal to admit additional cumulative evidence after plaintiff rested not unreasonable exercise of discretion, or prejudicial.**

In an action to recover goods or their value, defended on the ground that they had been destroyed by fire without defendant's fault, the exclusion of testimony as to the removal of boxes from the burning building, after plaintiff had announced that he rested his case, *held* not prejudicial, or so unreasonable an exercise of discretion as to constitute reversible error; the evidence being cumulative, and not assisting the jury to distinguish the boxes to which it related from others, or showing the value of the boxes.

6. **Appeal and error ⊙—1058(1)—Exclusion of affidavit cured by subsequent admission.**

The exclusion of an affidavit offered to contradict a witness, if error, was cured, where the other party subsequently offered it, and it was admitted.

In Error to the District Court of the United States for the District of Porto Rico.

Suit by Gasper Berio against Jaime Gay y Ferre and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Hugh R. Francis, of San Juan, P. R. (Francis & de la Haba, of San Juan, P. R., on the brief), for plaintiff in error.

Henry G. Molina, of San Juan, P. R. (M. Rodriguez Serra, of San Juan, P. R., on the brief), for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. In the complaint in this case the plaintiff alleged that he was the owner of six boxes and one bale of dry goods, all of the value of $1,492.26, which were taken on or about August 3, 1914, by the defendants, without any authority from him, from the American Railroad station at Bayamon, Porto Rico, and carried to their storehouse at Corozal, Porto Rico; that the defend-

ants had continued in possession of the goods, and, although requested to deliver them to him, they had refused to do so. The plaintiff prayed judgment for the delivery of the goods or their value, to wit, the sum of $1,492.26, together with costs and disbursements.

In their answer the defendants admitted that they received the goods on or about said date and carried them to Corozal, but claimed that they did so with the consent and at the request of the plaintiff, in accordance with an agreement with him. They denied that, at the time of the commencement of this action, they or either of them were in possession of the goods described in the complaint, and they further alleged that all of said goods were totally destroyed by fire at Corozal on the night of August 3 or 4, 1914, and that they were in no way responsible for said fire, and never received any sum or sums whatever for the loss of said merchandise.

The plaintiff admitted that he made a contract with the defendants to transport a particular shipment of goods received by him at one of the railroad stations in Bayamon, but denied that this contract covered goods consigned to him and received at the American Railroad station.

The defendants claimed that their contract with the plaintiff covered the transportation of all goods consigned to the plaintiff and received at either railroad station at Bayamon.

The storehouse of the defendants in Corozal, where the defendants placed the goods, was a back room of their store; and on the night that the goods were placed in the storehouse a fire broke out in an adjoining building, and quickly spread to the defendants' store, and completely destroyed it. There was no evidence that the fire was caused by any negligence of the defendants; but all the evidence showed that it originated in a building occupied by another. There was conflicting evidence in regard to the destruction of the plaintiff's goods. Witnesses for the plaintiff testified that boxes were taken out of the front door of the store into the street, and across to the plaza of a church nearby, and also that a box was taken out from the back storeroom through a side door into an alleyway, and there was testimony that one or more of the boxes, upon which were the initials of the plaintiff's name, were in a mass of goods in front of the store after the fire, and the consignor testified that the cases had upon them the initials of the plaintiff's name.

The defendants, on the other hand, and several witnesses, testified that all the goods of the plaintiff were totally destroyed by the fire. The plaintiff testified that he went to Corozal the next day after the fire and was informed by one of the defendants that all of his goods had been burned. He at first brought an action against the American Railroad Company, claiming that it had no authority to deliver the goods to the defendants, but was unsuccessful. In October, 1916, more than two years after the fire, he filed the original complaint in this case. To this there was a demurrer, on the ground that the plaintiff had not alleged that the defendants were in possession of the goods. The demurrer was sustained, and the plaintiff then amended his complaint by adding an allegation that the defendants were in possession of the goods, and upon this amended complaint trial was had.

A verdict was returned for the defendants, and the plaintiff has assigned as error certain instructions, and the refusal to give requested instructions and to admit certain testimony. The instructions to which exceptions were taken were in substance that the plaintiff could not recover unless possession of the goods by the defendants at the time of the commencement of the action were shown; that the manner in which the defendants obtained possession of the goods might be left out of consideration; that the suit was not one to recover damages, but to recover the specific goods described in the complaint; that if the jury believed that the goods were destroyed by an accidental fire, for which the defendants were not responsible, the plaintiff could not recover, but if the evidence convinced the jury that some of the goods were saved, the plaintiff could recover these, if there was evidence which identified them; and that the plaintiff could only recover the value of the goods if it were proven that the defendants had wrongfully parted with the goods after the commencement of the action. While the charge was long and somewhat involved, we think that the foregoing is a fair statement of so much of it as was excepted to by the plaintiff.

The jury were further instructed that, as the defendants had admitted that they received possession of the goods, there was a presumption that they were in their possession at the commencement of the action. The plaintiff was denied an instruction that, under the Civil Code of Porto Rico, interpreted in the light of the decisions of the Supreme Court of Spain and of the civil law, the plaintiff could recover the value of the goods as damages for their wrongful taking, without proof that the defendants were in possession of them at the time of the commencement of the action. He claims that he had only one right of action, which was one to recover possession of the goods, or, in case their possession could not be delivered, then their value, and says this right of action is conferred by section 354 of the Civil Code, which is in part as follows:

"The owner holds a right of action against the holder and the possessor of the thing in order to recover it."

[1-3] We think he was not confined to a suit to recover possession in order to recover the value of the goods, and that, under section 1803 of the Civil Code of Porto Rico, he had a right of action for damages against one who had wrongfully deprived him of his goods. This section reads as follows:

"A person who by an act or omission causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done."

The construction placed upon this section by the Supreme Court of Porto Rico would seem to support this view. Gonzalez v. Collazo, 25 P. R. R. 656; Buso et al. v. Martinez, 18 P. R. R. 994, 997; Colls v. Municipality of Lares, 23 P. R. R. 805; Dottin v. Rigo & Co., 22 P. R. R. 382; Hernandez v. Benet et al., 22 P. R. R. 538; Parés v. Ruiz, 19 P. R. R. 323, 326. See, also, Porto Rico v. Emmanuel, 235 U. S. 251, 35 Sup. Ct. 33, 59 L. Ed. 215, and Arzuaga et al. v. Ortiz (C. C. A.) 266 Fed. 449.

We have no doubt that, under section 1803, a right was conferred upon the plaintiff to recover damages for the unlawful conversion of his property, and that he had as complete a remedy under this section of the Code as he would have had under the common-law action of trover, and that the right of action conferred by section 354 or section 466 of the Civil Code of Porto Rico can only be asserted against one who is in possession of the property sought to be recovered. It will be observed that, under section 354—

"The owner holds a right of action against the holder and the possessor of the thing."

And that section 466 provides that—

"Any person who has lost any movable or has been illegally deprived thereof, may recover it from the person in possession of the same."

Both sections give a right of action only against one in possession. Section 170 of the Code of Civil Procedure of Porto Rico provides a remedy very similar to the common law action of replevin, by which—

"the plaintiff, in an action to recover the possession of personal property, may, at the time of issuing the summons, or at any time before answer, claim the delivery of such property to him."

And then follow sections under which the plaintiff may obtain such delivery by the filing of an affidavit and the giving of a bond.

While this proceeding, under which delivery at the commencement of the suit may be had, is auxiliary, it would be entirely meaningless, if the defendant were not in possession of the property. The Code of Civil Procedure of Porto Rico was copied almost bodily from that of California, but the decisions of its Supreme Court, while helpful, are not conclusive, because based upon analogies drawn from the common-law actions of replevin and detinue. These have held that, in cases of bailment, an action for the recovery of personal property may be maintained even though the defendant is not in its possession at the commencement of the suit, and that the judgment in such action may be in the alternative, viz. that the plaintiff recover possession of the property or its value in case delivery cannot be had. Faulkner v. National Bank of Santa Barbara, 130 Cal. 258, 62 Pac. 463; New Liverpool Salt Co. v. Western, etc., Co., 151 Cal. 479, 91 Pac. 152; Benzler v. Van Fleet, 28 Cal. App. 389, 152 Pac. 736.

In other cases, however, where it was alleged that the defendant had wrongfully obtained possession of the property, it was held that such an action could not be maintained against a defendant who had parted with possession. Richards v. Morey, 133 Cal. 437, 65 Pac. 886; Riciotto v. Clement, 94 Cal. 105, 29 Pac. 414; Washburn v. Huntington, 78 Cal. 573, 21 Pac. 305.

In Richards v. Morey, supra, the court said:

"It is a general proposition that an action will not lie, where it is clear that relief under it cannot be obtained; so an action to recover possession of personal property will not lie when it is apparent at the time the action is commenced that the defendant has not the possession, or the power to deliver it in satisfaction of the judgment for its possession. When, however, the defendant has the property in his possession at the time the action is commenced, the Code provisions will not permit him by the subsequent transfer

or destruction of the property to wholly deprive the plaintiff of relief, and in such case the alternative judgment for the value of the property is granted."

This statement of the law is applicable to the Code provision of Porto Rico, which is identical with that of California, as is also its Code provision in relation to the judgment that may be rendered. This is section 230 of the Code of Civil Procedure of Porto Rico, which in part is as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention."

[4] In Porto Rico analogies are to be sought, not in the common law, but in the law of Spain and in the civil law. In discussing section 354 of the Civil Code of Porto Rico, the Supreme Court of Porto Rico, in Velilla v. Piza et al., 17 Porto Rico, 1069, 1073, said:

"Before going into this question, we will say that the action of ejectment, being founded upon the right of ownership, can be brought only by the real owner to recover the property owned, and therefore the fundamental requisite of said action is that the claimant is the real owner of the property claimed, and this fact must be proven clearly and certainly. It must be proven also that the same property is in the possession of the defendant.

"This is the doctrine contained in old Spanish legislation, which was embodied later in article 348 of the former Civil Code, and which now appears in section 354 of the Civil Code in force in Porto Rico. Said doctrine has been sanctioned by the Supreme Courts of Spain and of Porto Rico."

We find no reversible error in the instructions given by the learned District Judge, nor in his refusal to give requested instructions. The questions submitted to the jury were whether the goods were destroyed by fire, and, if all were not destroyed, what was saved, and what was their value, if they could determine it from the evidence.

The instruction that the goods could be presumed to be in the possession of the defendants at the commencement of the action, because they admitted that they received them more than two years before, was sufficiently favorable to the plaintiff.

[5] It is also assigned as error that the presiding judge refused to allow two witnesses to testify in regard to the fire and the goods that were saved. It was stated in argument, and not denied, that after the plaintiff had introduced the testimony of several witnesses in regard to the fire, and the goods that were saved, his counsel stated to the court at the close of a day's sitting that he rested his case, reserving the right to call one witness who would testify in regard to the execution of certain papers, but that on the next day he offered the testimony of two witnesses in regard to the goods that were saved from the fire. The presiding judge, in the exercise of his discretion, excluded this offered testimony as cumulative. It did not differ materially from what had already been covered by several witnesses. The offer in relation to one witness was that he would testify that, on the night of the fire, he saw three wooden boxes "of some size," but with no further description, taken out of the front door of defendant's store; and the offer in relation to the other was that he would testify that on the night of the fire he saw a wooden box taken out of a side door of the

back store of the defendants, that he looked into the back store at this time, which was about 20 minutes after the fire broke out, and saw no wooden boxes or any large articles in it, and that the next morning he saw a box upon the plaza in front of the church near the defendants' store, which had upon it the letters "G. B." and certain other marks. As several witnesses had already testified in regard to the goods saved from the fire, we think it was not so unreasonable an exercise of discretion on the part of the presiding judge to refuse to admit the testimony of these witnesses, after the plaintiff had announced that he rested his case, as to constitute reversible error. Even if the testimony had been admitted, it could not have assisted the jury to distinguish the boxes to which it related from the other boxes, so that there could have been a judgment for their delivery if the jury believed that they had been saved; nor could there have been a judgment for their value if they could not be delivered, for the value of the separate boxes had not been shown by any evidence, and the offered testimony contained nothing concerning their value. The plaintiff, therefore, was not prejudiced by the refusal to receive it.

[6] The plaintiff also assigned as error that he was not allowed to introduce in evidence an affidavit to contradict one of his witnesses; but, if this were error, it was cured, because the defendants afterwards offered the same affidavit, and it was admitted.

The judgment of the District Court is affirmed, with costs to the defendants in error in this court.