[S. F. No. 10859. In Bank.—December 2, 1924.]

COMMERCIAL CREDIT COMPANY (a Corporation), Respondent, v. GEORGE PEAK et al., Defendants; GEORGE PEAK, Appellant.

[1] CLAIM AND DELIVERY—DEFENSE—WRONGFUL DISPOSITION OF PROPERTY.—It is no defense to an action for detinue that the defendant before the commencement of the action wrongfully disposed of the property.

[2] ID.—PLEADING—SOURCE OF TITLE.—In an action in claim and delivery the plaintiff is not required to plead the source of his asserted ownership of the property in question; it is sufficient to plead the ultimate fact of his ownership at the time of the commencement of the action, and if such ownership

---

1. See 5 Cal. Jur. 172; 23 R. C. L. 876, 921.

2. Necessity and sufficiency of allegation as to ownership or right of possession in complaint in action of replevin, notes, 11 Ann. Cas. 1150; Ann. Cas. 1912A, 333. See, also, 5 Cal. Jur. 185; 23 R. C. L. 925.

rests upon an assignment, that is a probative fact to be shown at the trial.

[3] ID.—RIGHT OF POSSESSION—EVIDENCE—TRUST RECEIPTS.—Where personal property is held under trust receipts which provide that the title shall remain in the trustor and its transferee until the trustee has performed the conditions upon which he has been given possession of the property, in an action in claim and delivery by the assignee of the trustor to recover the property or its value, the trust receipts and evidence that they were canceled and surrendered by an oral agreement that defendant should redeliver the property upon being relieved of his obligations under the trust receipts, which he had not fulfilled, are admissible in evidence to show plaintiff's right to possession of the property.

[4] ID.—FINDINGS—POSSESSION.—In an action of claim and delivery to recover personal property which the court finds was wrongfully transferred to various parties, the transferor cannot complain that the findings are contradictory with relation to what portions of the property he was actually in possession of at the time of the commencement of the action, where the rights to specific items of the property were defined in the findings and said parties have either not appeared in the action or have not appealed from the judgment; and the court had power to render an alternative judgment against the transferor requiring the return of the property or the payment of the value thereof.

[5] ID.—PLEADING—COUNTERCLAIM—TORT.—In an action in claim and delivery an alleged counterclaim is properly stricken out which attempts to set up a cause of action for damages based upon averments that plaintiff had commenced and was prosecuting said action maliciously and oppressively for the purpose of harassing and vexing defendant and to obtain possession of the property in suit fraudulently and without right or color of right thereto.

---

(1) 18 **C. J.**, p. 1001, sec. 25.    (2) 18 **C. J.**, p. 1009, sec. 44.    (3) 6 **C. J.**, p. 1108, sec. 36.    (4) 4 **C. J.**, p. 698, sec. 2605; 18 **C. J.**, p. 1021, sec. 85.    (5) 34 **Cyc.**, p. 710.

---

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

---

3. See 5 Cal. Jur. 195.

4. See 5 Cal. Jur. 199; 23 R. C. L. 938.

5. Set-off or counterclaim as defense to action of replevin, note, Ann. Cas. 1913A, 105. See, also, 5 Cal. Jur. 193; 23 R. C. L. 933.

The facts are stated in the opinion of the court.

Everette C. McKeage for Appellant.

Sloss & Ackerman and Sloss, Ackerman & Bradley for Respondent.

RICHARDS, J.—This appeal is by the defendant George Peak from a judgment in favor of the plaintiff in an action for the recovery of the possession of certain personal property or for the sum of $6,735.35, the value thereof, in case a delivery cannot be had, with damages and costs. The complaint was in the ordinary form of claim and delivery with certain added allegations averring that whatever possession the defendant W. S. Hatch had of said personal property was in the capacity of a warehouseman for George Peak, and that whatever possession or claim the defendant Hartford Accident & Indemnity Company had or asserted in relation to said property arose out of the delivery to it by George Peak of warehouse receipts as security for the performance of some obligation on the part of the defendant George Peak, and not otherwise. The defendants joined in answering this complaint and in denying specifically the essential allegations thereof. They also, as a further and separate answer and by way of counterclaim, presented certain averments purporting to show that the defendant George Peak was entitled to recover certain large sums of money from the plaintiff, both as actual and as exemplary damages, by virtue of the facts set forth in said counterclaim. The main portion of these latter averments were stricken out by order of the trial court upon plaintiff's motion, the correctness of which order will be considered later in this opinion. The facts of the case, as found by the trial court, are as follows:

"That on or about the 21st day of June, 1921, the defendant Peak was in possession of the following described personal property of the value of $6,735.35, to-wit: 1 New Republic Motor vehicle, motor truck 19, Serial No. 6552, value $1347.07; 1 New Republic Motor vehicle, motor truck 19, Serial No. 6601, value $1347.07; 1 New Republic Motor vehicle, motor truck 19, Serial No. 6613, value $1347.07; 1 New Republic Motor vehicle, motor truck 19, Serial No. 6594,

value $1347.07; 1 New Republic Motor vehicle, motor truck 19, Serial No. 545, value $1347.07. That said defendant Peak's possession of said property was under and by virtue of certain trust receipts executed by him, each of said trucks having been covered by one of said trust receipts; that said trust receipts and each of them by their terms provided that said defendant Peak held possession of said trucks in trust for Commercial Acceptance Trust of Chicago, and that said trucks were the property of Commercial Acceptance Trust of Chicago. That prior to the 24th day of January, 1922, said Commercial Acceptance Trust assigned, transferred and set over said trust receipts to the plaintiff herein and the plaintiff thereby became and was the owner of said trust receipts and each of them and of the property therein described; that thereafter, to-wit: on or about the 24th day of January, 1922, the defendant Peak agreed to surrender and deliver up said trucks to the plaintiff. That in consideration of such agreement, plaintiff delivered to defendant Peak the aforesaid trust receipts; that thereupon plaintiff became and was entitled to the possession of the property hereinabove described, to-wit: said motor trucks. That at the time of the filing of the complaint in this action plaintiff was the owner of and entitled to the possession of the above described personal property of the value of $6735.35 as aforesaid. That subsequent to the 24th day of January, 1922, and prior to the commencement of this action plaintiff demanded possession of said personal property from the defendant Peak, but that said defendant refused and at the time of the commencement of this action still refused to deliver possession thereof to the plaintiff and detained said property from the possession of the plaintiff. That at the time of the commencement of this action defendant Peak was wrongfully in possession of and wrongfully claimed to be the owner of all of the motor vehicles above described, except one motor vehicle, serial No. 6601, which motor vehicle defendant Peak on or about the month of March, 1922, wrongfully transferred to Otis W. Barrett. That on or about the 7th day of February, 1922, the defendant George Peak placed the trucks above named in the W. S. Hatch's Warehouse at 1265 Sansome street, San Francisco, and received the warehouse receipts of said W. S. Hatch therefor, which warehouse receipts were and are non-negotiable warehouse

receipts; that on or about the 24th day of February, 1922, the defendant George Peak delivered said warehouse receipts for the aforesaid trucks numbered 6613, 6552 and 6545 to the defendant, Hartford Accident and Indemnity Company to indemnify said Hartford Accident and Indemnity Company from any liability which might be incurred by said Hartford Accident and Indemnity Company under an attachment bond issued by said Hartford Accident and Indemnity Company at the request of the defendant Peak; that on the 17th day of July, 1922, which date was prior to the commencement of this action, plaintiff demanded of the defendant Hartford Accident and Indemnity Company that it deliver said warehouse receipts to plaintiff and that it release all its claim to said trucks, but that said defendant refused and at the time of the commencement of this action still refused to deliver said receipts to plaintiff and to release all its claim to said trucks; that at the time defendant Peak delivered said warehouse receipts to the defendant Hartford Accident and Indemnity Company, plaintiff was the owner and entitled to the possession of said warehouse receipts and of the property represented by said warehouse receipts and that the defendant Hartford Accident and Indemnity Company acquired no title thereto by virtue of the delivery of said warehouse receipts to it by the defendant Peak; that said Hartford Accident and Indemnity Company unlawfully withholds and detains possession of said property from the plaintiff. That said property has not been taken for a tax assessment or fine pursuant to a statute, or seized under an execution or on attachment against the property of the plaintiff. That subsequent to the filing of this action the plaintiff obtained possession of trucks numbered 6552, 6601, 6613 and 6545 through the Sheriff of the City and County of San Francisco under and by virtue of claim and delivery proceedings as alleged in the answer of defendants; that defendants have not been damaged by depreciation in value of said motor trucks, nor by the taking or detention or use of said motor trucks by plaintiff, in any manner or at all, or in any sum whatever. That all of the allegations of the complaint are true."

[1] The first contention which the appellant makes upon this appeal is that the findings do not sustain the judgment. This conclusion is based upon the asserted fact that the trial court found that as to one of the five motor-trucks involved in this action the defendant Peak was not in possession of said truck at the time of the commencement of the action but that the defendant had transferred said motor-truck to one Otis Barrett prior to the filing of the plaintiff's complaint herein; and also finds that as to three other of said motor-trucks the defendant had, prior to the commencement of this action, transferred the same to Hartford Accident and Indemnity Company. If the foregoing were all that the trial court found upon the subject of the possession of these four motor-trucks at the time of the commencement of this action it might be worth while to follow counsel for appellant through a refined discussion as to the differences between actions for detinue and actions for trover at the common law; but the facts as found by the trial court are that as to all four of said trucks the defendant Peak came lawfully into the possession thereof under the terms of certain trust receipts which rendered him substantially the bailee of Commercial Acceptance Trust of Chicago, the owner thereof, and to the rights of which corporation therein the plaintiff had succeeded; and that while the said defendant held said property in that capacity he had made certain wrongful transfers of portions thereof to said Barrett and to the said Hartford Accident and Indemnity Company. To such a state of facts the cases cited by the appellant in support of his said first contention have no application, since this court has held in certain recent and well-considered cases that under such conditions it is no defense to an action for detinue that the defendant before the commencement of the action has wrongfully disposed of the property. (*Faulkner* v. *First Nat. Bank,* 130 Cal. 258, 264 [62 Pac. 463]; *New Liverpool etc. Co.* v. *Western etc. Co.,* 151 Cal. 482 [91 Pac. 152]. See, also, *Benzler* v. *Van Fleet,* 28 Cal. App. 389 [152 Pac. 736].) We find no merit, therefore, in the appellant's said contention.

[2] The appellant's next contention is that the plaintiff has been permitted to recover upon an assigned claim without pleading the assignment. The plaintiff was not required

to plead the source of its asserted ownership of the property in question. It was sufficient to plead the ultimate fact of its ownership of the property at the time of the commencement of the action. If such ownership rested upon an assignment that was a probative fact to be shown at the trial, and it was shown by the indorsement thereof on the back of each of said trust receipts.

[3] The appellant's next contention is that the plaintiff was not entitled to recover the possession of the property in question in the absence of any evidence that it was entitled to the immediate and exclusive possession of the property at the time of the commencement of the action. The findings of the trial court relating to the bases of the plaintiff's alleged right to the immediate possession and delivery of the personal property in question are as above set forth. These findings have their substantial support in the evidence of Mr. Wareheim and certain other witnesses called for plaintiff and who testified to certain oral understandings had between said George Peak and these representatives of the Commercial Credit Company, by which the former, upon surrender by the latter of the said trust receipts covering said several items of personal property, agreed to surrender his interest therein and his possession thereof derived wholly from said trust receipts, and that thereupon the said agreement was executed on the plaintiff's part, but that the defendant, although he had received back said trust receipts, refused to deliver up said property. It is true that the defendant Peak, while a witness in his own behalf, disputed this testimony, but that merely created a substantial conflict in the evidence which the trial court resolved in favor of the plaintiff. With that conclusion we will not interfere. The appellant, however, contends that the trial court in dealing with the aforesaid transaction erred in permitting the introduction in evidence of these canceled and surrendered trust receipts for the reason that the plaintiff, having thus canceled and surrendered said trust receipts to the defendant Peak, could found no right of action against him thereon. The difficulty with this contention is that by the terms of said trust receipts the title to the specific articles of personal property covered by each of them was and continued to be in the Commercial Acceptance Trust of

Chicago and its transferee, until such time as the defendant Peak had performed the conditions upon which he had been given possession of said property in trust for its said owner; and this being so the surrender or cancellation of these trust receipts would not have had the effect of investing him with the ownership of said property or with any further right to continue in the possession thereof in the absence of an agreement to that effect or of performance on his part. The evidence which the plaintiff offered in the case had for its purpose that of showing that the said defendant had not fulfilled his obligations under said trust receipts, but was willing to surrender his rights thereunder and deliver back the possession of the personal property covered thereby upon being relieved of said obligations through the cancellation of said trust receipts. The said trust receipts were offered and received in evidence, not for the purpose of predicating a right of action in the plaintiff thereon, but for the purpose of identifying the property and of showing what the plaintiff surrendered in order to obtain the said defendant's agreement to immediately redeliver the possession of the property designated therein. They were properly admissible for such purpose and such was the only effect given to their admission by the trial court.

[4] The appellant's next contention is that the findings of the trial court are contradictory with relation to what portions of said personal property the defendant was actually in possession of at the time of the commencement of this action and that on account of such contradictory findings upon that subject they are insufficient to sustain the judgment for the delivery of the possession of the whole of said personal property to the plaintiff. We think, however, that these contradictions are more apparent than real and that since all of the parties who claimed to be rightfully possessed of this or that portion of said personal property have had their rights to specific items of said property defined therein, the judgment is not susceptible of attack by this particular appellant upon the ground stated. For example, the trial court found that one Otis W. Barrett was in possession of that certain motor vehicle No. 6601 at the time of the commencement of this action, but the court also found that the defendant Peak had wrongfully transferred said motor

vehicle to said Barrett at a time when he was simply a bailee for the plaintiff and had no right as such to convey any rights of possession or ownership therein. Barrett was not made a party to this action and what his rights might be in the premises have not been as against him litigated herein; but the trial court having made its finding as above stated had power to direct an alternative judgment against the defendant Peak covering such property thus wrongfully transferred and requiring him to restore the possession thereof to the plaintiff or pay in the alternative the value thereof. The same principle applies to the defendant Peak's symbolic transfer of motor vehicles Nos. 6613, 6552, and 6545 to the defendant Hartford Accident and Indemnity Company by the delivery to it of the warehouse receipts therefor and by which, for the same reason, the claim of right therein and possession thereof by the said Hartford Accident and Indemnity Company was wrongful and was so found to be by the trial court, and a judgment rendered accordingly requiring the delivery up of said designated motor-trucks to the plaintiff, from which finding and judgment the said corporation has taken no appeal. The defendant Peak is in no position to complain of any injustice done thereby to his codefendant with regard to which it, by failing to prosecute an appeal, has permitted said judgment to become final. As to the appellant's contention that the trial court was in error in its holding contrary to law that the warehouse receipts which he had transferred to the Hartford Accident and Indemnity Company were nonnegotiable, this would seem at the most to be an immaterial error in view of the finding of the trial court that this appellant's transfer thereof was wrongful and that the transferee thereof is no longer before the court urging any rights arising out of the negotiability of said warehouse receipts. So far as this appellant is concerned, the trial court having made the finding that such attempted transfer by him of said property through the assignment of said warehouse receipts was unlawful, it had the right to base an alternative judgment against him thereon, requiring the return of the property or the payment of the value thereof.

[5]    The final contention of the appellant is that the trial court was in error in striking out certain portions of the

defendants' answer, consisting of the defendant Peak's so-
called "Counterclaim." The portions of said pleading so
stricken out upon the plaintiff's motion embrace an attempt
to set up a cause of action based upon averments that the
plaintiff had commenced and was prosecuting said action
maliciously and oppressively for the purpose of harassing
and vexing said defendant Peak and for the purpose of
obtaining possession of said motor vehicles fraudulently and
without right or color of right thereto, whereby said de-
fendant Peak had been damaged in a very large sum of
money. That the portion of the defendants' pleading thus
stricken out is not properly to be designated as a "Counter-
claim," such as the said defendant was permitted to present
under the terms of section 438 of the Code of Civil Pro-
cedure, would seem to have been decided by this court in
the case of *Glide* v. *Kayser,* 142 Cal. 419 [76 Pac. 50], in
which Mr. Justice McFarland, in construing that section of
the code, indicated that the term "transaction" employed
in subdivision 1 thereof contemplated a commercial or busi-
ness negotiation and not a wrong of violence or fraud.
That was a case wherein, in an action for claim and delivery
of certain cattle which the defendant had impounded for a
trespass upon his land, the defendant sought to plead
affirmatively a cause of action for damages for the trespass
and which the court held he was not entitled to do. This
decision apparently met the approval of this court in the
later case of *Clark* v. *Kelley,* 163 Cal. 207 [124 Pac. 846].
In an earlier decision of this court it was expressly held
that in an action for the recovery of money due in which
an attachment had been issued and levied the defendant
could not plead by way of cross-complaint an action for
damages arising out of an alleged excessive attachment.
(*Jeffreys* v. *Hancock,* 57 Cal. 646.) In the case of *Enge-
bretson* v. *Gay,* 158 Cal. 28 [109 Pac. 879], it was held that
in an action for the foreclosure of a street assessment a
claim for damages arising from the action of the contractor
in piling dirt upon the land affected by the assessment could
not be pleaded either by way of counterclaim or cross-
complaint. The reasoning of these cases compels the con-
clusion that the trial court was not in error in striking out
the defendants' attempted plea of a cause of action sounding

in tort as a ground for affirmative relief in the plaintiff's action in claim and delivery. The case of *Waugenheim* v. *Graham*, 39 Cal. 169, cited by the appellant as sustaining his position in this regard, was overruled in the case of *Jeffreys* v. *Hancock, supra,* and the cases of *Van Bibber* v. *Hilton*, 84 Cal. 585 [24 Pac. 308], and *Berry* v. *Bank of Bakersfield*, 177 Cal. 206 [170 Pac. 415], have no application to the question before us in this case.

The appellant makes a number of other contentions, but we think they are sufficiently covered by what we have hereinbefore stated with regard to the main issues involved in this appeal.

The judgment is affirmed.

Lawlor, J., Shenk, J., Seawell, J., Waste, J., Lennon, J., and Myers, C. J., concurred.