Frank J. Dvorak, Appellant, v. Thomas Avery, Sheriff, Appellee.

No. 39497.

June 24, 1929.

R. S. *Milner* and C. F. *Buresh,* for appellant.

B. L. *Wick,* O. N. *Elliott,* and J. M. *Dower,* for appellee.

Morling, J.—Hogan Brothers sued Dusil in the district court of Iowa County to recover on promissory note, took out writ of attachment addressed to the sheriff of Linn County, and directed defendant, as such sheriff of Linn County, to levy upon the automobile in question. Plaintiff had purchased the automobile from Dusil more than a month before, and concededly was the owner and in possession at the time of the service of the writ. Defendant made the levy and took actual possession under it March 22, 1926. Plaintiff, on March 23, 1926, served on defendant the requisite notice of ownership and demand for release.

On March 24, 1926, Hogan Brothers executed to defendant bond for indemnity. On March 25, 1926, the Iowa district court, on Hogan Brothers' application in the attachment suit, *ex parte,* and without notice to the present plaintiff, issued an order to defendant to deliver the car to them. This the defendant did on March 26, 1926, and has not since had possession of the car or made any claim thereto.

By our statute, Code of 1927, Sections 11698 *et seq.,* 12117, the defendant was required to levy on property on which the attaching plaintiff directed him to levy unless he had received notice of ownership, and he was protected from all liability by reason of the levy until he received notice. Until then, no action could be maintained against him. Nevertheless, the levy on the property of the plaintiff in an action against another was wrongful. Defendant, on refusal to release the property after notice, became a party to the wrong, and liable to action.

This court held in *Woodling v. Mitchell,* 127 Iowa 262, that a plaintiff could not plead a conversion alleging defendant's want of possession, and recover in replevin, but in that case it was said:

"If the petition had stated a cause of action in replevin, and it was shown that defendant had the property in his possession when notified of plaintiff's ownership, he could not defeat the action by showing that, after receiving the notice, he had sold and converted the property. *Hardy v. Moore,* 62 Iowa 65. In such case he would bring himself within the operation of the familiar rule that in law no person shall be allowed to take advantage of his own wrong."

This and the case of *Hardy v. Moore* were reaffirmed in *Mitchell v. McLeod,* 127 Iowa 733, 737. The action of replevin in this state is statutory. It combines features of the common-law actions of replevin and detinue. Code of 1927, Section 12181 *et seq.*; Section 12192 *et seq.*; 18 Corpus Juris 990 *et seq.*; 34 Cyc. 1352 *et seq.* The doctrine of *Hardy v. Moore* and *Mitchell v. McLeod* is in harmony with that quite generally accepted in actions in detinue at common law and the modern substitutes for detinue and replevin. 23 Ruling Case Law 876; 34 Cyc. 1398; *Nichols v. Michael,* 23 N. Y. 264 (80 Am. Dec. 259); *Johnson v. Minneapolis Business College,* 153 Minn. 205 (190 N. W. 60);

*Faulkner v. First Nat. Bank,* 130 Cal. 258 (62 Pac. 463); 18 Corpus Juris 1001. It may be said, by way of caution, that, as the action may be brought in any county in which the property, or some part of it, is situated, and as no counterclaim is allowed,—not to mention other reasons,—the action of replevin may not be resorted to as a subterfuge for recovering for conversion. This plaintiff does not allege that defendant, at the time of the commencement of the action, was not in possession, nor does it appear that he then knew that defendant was not in possession. Defendant is sued in his own county, and it does not appear that plaintiff is making any bad-faith use of the action. It does appear that the levy was wrongful, and that defendant, after proper notice, wrongfully detained the property. Defendant's detention after the notice was wrongful. *Hardy v. Moore,* 62 Iowa 65; *Mitchell v. McLeod,* 127 Iowa 733, 736. Defendant took indemnity bond, but the execution and acceptance of the bond did not make the levy rightful, or absolve defendant from liability to action in replevin. This plaintiff was not a party to the action in Iowa County. He had no notice of, and was not heard on, the application for the order to deliver the automobile to the plaintiffs in that action. If such order had any authorization in law,—a point which we need not determine,—it was by virtue of Sections 12112 and 12133, Code of 1927, which require the sheriff to safely keep the attached property, subject to the order of the court, and permit the court to make proper orders respecting it. Clearly, such an order was of no force as against this plaintiff. While, under the statute, defendant was protected from action by reason of the levy until he received the notice of ownership, the levy was, nevertheless, wrongful, and after receiving notice, defendant was not protected in detaining the automobile. The wrongful levy and defendant's wrongful refusal to release were not corrected by the ex-parte application for delivery of the automobile to indemnitors. *Hill v. Ragland,* 114 Ky. 209 (70 S. W. 634). We do not discuss the question of the effect of plaintiff's knowledge that defendant had parted with possession and would be unable to respond to judgment therefor, for such a state of facts is not here presented. See

512

*Benzler v. Van Fleet,* 28 Cal. App. 389 (152 Pac. 736).—*Reversed.*

ALBERT, C. J., and STEVENS, FAVILLE, DE GRAFF, and WAGNER, JJ., concur.